RONNIE BEARD D/B/A RONNIE BEARD TRAINING STABLES v. JOAN E. PEMBAUR

No. 8320SC459

(Filed 17 April 1984)

1. **Rules of Civil Procedure § 55— failure to reply to counterclaim—entry of default**

   A clerk of court may properly enter a default when no reply is timely filed in response to a counterclaim denominated as such. G.S. 1A-1, Rule 55(a).

2. **Rules of Civil Procedure § 55— denial of motion to set aside entry of default— abuse of discretion**

   The trial court acted under a misapprehension of the law to the extent that it required plaintiff to show excusable neglect or a meritorious defense in order to set aside an entry of default on a counterclaim. Even if the trial court properly used the standard of "good cause" as set forth in G.S. 1A-1, Rule 55(d), the trial court abused its discretion in refusing to set aside the entry of default where the record shows that discovery was being pursued vigorously by the parties; plaintiff's counsel erroneously thought that service was not perfected on defendant until four days before the entry of default; and all matters in defendant's counterclaim related to the sale of the horse that was the subject of all material allegations in plaintiff's complaint.

3. **Rules of Civil Procedure § 55— erroneous entry of default judgment**

   The trial court erred in entering default judgment against plaintiff on defendant's counterclaim where plaintiff filed a reply to the counterclaim after entry of default but before the hearing on the motion for default judgment, and where plaintiff's attorney erroneously believed that service was not perfected on defendant until four days before the entry of default and did not seek to delay the matter or gain an unfair advantage over defendant.

APPEAL by plaintiff from *Seay, Judge.* Judgment entered 27 January 1983 in Superior Court, MOORE County. Heard in the Court of Appeals 9 March 1984.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*White and Crumpler, by William E. West, Jr., for defendant appellee.*

BECTON, Judge.

I

On 1 July 1982, plaintiff, Ronnie Beard, d/b/a Ronnie Beard Training Stables, filed a Complaint alleging that defendant, Joan

E. Pembaur, breached a written contract to purchase a horse named "Bold Seeker." On 3 September 1982, after having been granted an extension of time to file an Answer, defendant filed a verified "Answer and Counterclaim" denying the material allegations in the Complaint and seeking relief against plaintiff on five separate grounds—(1) rescission, (2) breach of warranty of fitness for a particular purpose, (3) fraudulent representation, (4) unfair and deceptive trade practices, and (5) breach of fiduciary duty.

Although defendant submitted herself to the jurisdiction of the court by filing her Answer and Counterclaim, plaintiff, believing that service of process had not been perfected, erroneously sought to effectuate service on defendant by issuing alias and pluries summons on 16 September 1982 and 27 October 1982. Defendant, on the other hand, was pursuing discovery by the filing of interrogatories and requests for admissions. After realizing that plaintiff had not timely filed a Reply to defendant's Counterclaim, defendant, on 19 November 1982, filed a Motion for Entry of Default. Default on the Counterclaim was entered by the Clerk of Superior Court on 19 November 1982.

In response to the entry of default, plaintiff, on 3 December 1982, filed (a) a Motion to Set Aside the Entry of Default, and (b) a Reply to the Counterclaim. On 13 December 1982, defendant moved for a judgment by default on the Counterclaim. On 27 January 1983, the trial court denied plaintiff's motion to set aside the entry of default and granted defendant's motion for judgment by default. Plaintiff appeals.

II

Plaintiff phrases the questions presented by his assignments of error as follows: (1) "[w]hether the Clerk of Superior Court erred in entering a default against the plaintiff on the defendant's Counterclaim"; (2) "[w]hether the trial court erred in denying the plaintiff's motion to set aside entry of default"; and (3) "[w]hether the trial court erred in granting judgment by default in favor of defendant on the Counterclaim."

III

[1] We consolidate the first two questions for review since they both involve the propriety of the entry of default when no Reply

is filed in response to a Counterclaim. The issue is apparently one of first impression in this State.

## A.

Rule 55(a) of the North Carolina Rules of Civil Procedure, which authorizes clerks to enter defaults, is not limited by any of the following restrictive words: "plaintiff," "defendant," "answer," or "appearance." The rule states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.[1]

N.C. Gen. Stat. § 1A-1, Rule 55(a) (1983). As can be seen, the *entry* of default by the Clerk requires only that the Clerk ascertain that the *party* against whom a judgment for affirmative relief is sought has failed to *plead.* Plaintiff's reliance on *Roland v. W & L Motor Lines, Inc.*, 32 N.C. App. 288, 231 S.E. 2d 685 (1977) is, therefore, misplaced.

*Roland* is a judgment by default case, Rule 55(b)(1); the assignment of error we address concerns entry by default, Rule 55(a). In *Roland*, this Court was concerned with whether a letter sent by the defendant to the plaintiff's attorney and to the clerk of court in response to a Complaint constituted an "appearance." Although not deciding if the letter constituted an Answer, this Court found that the letter constituted an "appearance" so as to remove any authority under Rule 55(b)(1) for the clerk to enter a default judgment. Specifically, the *Roland* Court said:

> Upon examination of this statute [G.S. 1A-1, Rule 55(b)(1)], we have concluded that there are thus two basic re-quirements that must be fulfilled before a clerk can enter a default judgment. These requirements are: (1) the plaintiff's

---

1. Compare the following relevant excerpts from Rule 55(b)(1) which allows the clerk to enter *judgments* by default in only a limited number of circumstances:

> When the plaintiff's claim against a defendant is for a sum certain . . . , the clerk upon request of the plaintiff . . . shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

claim must be for a sum certain or for a sum that can by com-putation be made certain, and (2) *the defendant must have been defaulted for failure to appear* and he must not have been an infant or incompetent person. We therefore hold that this statute is clearly intended to allow a clerk to enter default judgment against a defendant only if he has never made an appearance. [Citations omitted.] Moreover, when a party, or his representative, has appeared in an action and later defaults, then G.S. 1A-1, Rule 55(b) requires that the judge, rather than the clerk, enter the judgment by default after the required notice has been given.

32 N.C. App. at 291, 231 S.E. 2d at 687-88. Consequently, plaintiff's argument, based on *Roland*, that the entry of default was improper, since plaintiff had "appeared" in the case by filing the complaint, is misplaced.

Further, Rule 55(e) specifically contemplates the situation in which a party has "appeared," but is otherwise subject to a default. Rule 55(e) in relevant part states: "The provisions of this rule [Rule 55] apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a crossclaim or counterclaim."

Our Rules of Civil Procedure clearly provide that a Reply must be filed to any Counterclaim denominated as such, and that averments to which a responsive pleading is required are deemed admitted when not denied. N.C. Gen. Stat. § 1A-1, Rule 7(a) and Rule 8(d) (1983). *See also Connor v. Royal Globe Ins. Co.*, 56 N.C. App. 1, 286 S.E. 2d 810, *disc. rev. denied*, 306 N.C. 382, 294 S.E. 2d 206 (1982). We hold that a clerk may properly enter a default when no reply is timely filed in response to a counterclaim denominated as such.

### B.

[2] Having determined that the Clerk's action was proper under Rule 55(a) and that *Roland* provides no relief for plaintiff, we now determine whether the trial court erred in denying plaintiff's mo-tion to set aside the entry of default. The standard is clear: "For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C. Gen. Stat. § 1A-1, Rule 55(d) (1983). As this Court has said:

[A] motion to set aside entry of default is governed by the first clause of Rule 55(d) that, 'for good cause shown, the court may set aside an entry of default.' This standard is more lax than that requirement for setting aside a default judgment pursuant to Rule 60(b), which requires the presence of 'mistake, inadvertence, or excusable neglect.'

*Bailey v. Gooding*, 60 N.C. App. 459, 462, 299 S.E. 2d 267, 269 (1983).

In his motion to set aside the entry of default, plaintiff cites both Rule 55 and Rule 60 and specifically refers to "excusable neglect" and "meritorious defense." The trial court's order denying defendant's motion to set aside entry of default merely recites that "it appearing to the court upon affidavits, pleadings and arguments of counsel, that said motion should be denied; it is therefore ordered, that motion of the plaintiff to set aside entry of default is hereby denied." To the extent the trial court required plaintiff to show excusable neglect or a meritorious defense the trial court operated under a misapprehension of law. Even if the trial court used as its standard, "good cause," as set forth in Rule 55(d), the trial court abused its discretion in this case. After all, "the law generally disfavors default judgments, [and] any doubt should be resolved in favor of setting aside an entry of default so the case may be decided on its merits." *Byrd v. Mortenson*, 60 N.C. App. 85, 88, 298 S.E. 2d 170, 172 (1982), *modified and affirmed*, 308 N.C. 536, 302 S.E. 2d 809 (1983) (quoting *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E. 2d 694, 698 (1980), *modified and affirmed*, 302 N.C. 351, 275 S.E. 2d 833 (1981)). Equally important are the facts in this case. The record indicates that discovery was being pursued vigorously by the parties; that plaintiff's counsel thought, albeit erroneously, that service was not perfected on defendant until 15 November 1982, four days before the entry of default; and that all matters in defendant's Counterclaim related to the sale of the allegedly unsound, unfit and unhealthy horse that was the subject of all material allegations in the plaintiff's Complaint.

IV

[3]  Our reasoning applied in part III to the entry of default applies with equal force to the default judgment entered by the trial court. Significantly, after the entry of default, but before the

hearing on the motion for default judgment, plaintiff filed a Reply to defendant's Counterclaim. No motion to strike the Reply was ever made. Again, recognizing the quintessential purpose of giving each litigant a day in court—of hearing claims on the merits—our Supreme Court said:

> We are unable to perceive anything in this language [Rule 55(a)] or in the language of the entire Rule, G.S. 1A-1, Rule 55, which alters the established law that defaults may not be entered after answer has been filed, even though the answer be late.

> We believe that the better reasoned and more equitable result may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise. [Citations omitted.]

302 N.C. at 356, 275 S.E. 2d at 836. We are aware that *Peebles* is factually distinguishable since the Answer in that case was filed beyond the 30-day time limit but before the entry of default. *Peebles* is nevertheless instructive.

Plaintiff's counsel made technical errors in this case, to be sure, but he was not dilatory. In this "I sold you a thoroughbred, now pay me" versus "You sold me a nag, I don't owe you anything, and I want my down payment back" case, it is inconceivable that plaintiff would knowingly fail to respond to counter allegations based on the same transactions that are the subject matter of his Complaint. Nothing before us suggests that plaintiff sought to delay this matter or gain an unfair advantage over defendant. Simply put, we perceive no prejudice to the defendant since a timely filed Reply could not have been expected to more clearly define the issues already joined. Indeed, the Reply subsequently filed on 3 December 1982 takes up only 20 typewritten lines, avers that the Counterclaim fails to state a claim, and denies the material allegations in the Counterclaim. We also find it significant that in a letter to defendant's attorney dated 18 November 1982, one day before the entry of default, plaintiff's attorney included a copy of the Civil Summons showing service on defendant on 15 November 1982 and asked for dates on which defendant's deposition could be taken.

Default judgment is a drastic remedy which should be reserved for those cases, unlike the present case, in which one party refuses or fails to attend to his or her legal business.

Finding that the trial court erred in denying plaintiff's motion to set aside the entry of default and further erred in granting defendant judgment by default, we

Reverse.

Judges WEBB and EAGLES concur.