716 S.E.2d 67 (2011)
BODIE ISLAND BEACH CLUB ASSOCIATION, INC., et al., Plaintiffs,
v.
Don WRAY, Penny Wray, Jessica Smith, David R. Dixon, Stephen R. Smith, Tom Feist, Sea Wray, LLC, Croc, LLC, and SRS North Carolina Properties, LLC, Defendants.
No. COA10-1569.
Court of Appeals of North Carolina.
September 6, 2011.
*70 Bradford J. Lingg, Kill Devil Hills, for plaintiff-appellee.
C. Everett Thompson, II, Elizabeth City, for defendant-appellant.
BRYANT, Judge.
Where the trial court properly found that SRS failed to answer the complaint, there was no error in denying SRS's Motion for Leave to Amend Answer, entering default against SRS, granting plaintiff's motion for summary judgment against SRS, and denying SRS's Motion to Set Aside Default and Summary Judgment.

Facts and Procedural History
On 10 July 2009, Bodie Island Beach Club Association, Inc., et al. (plaintiffs) filed a complaint against Don Wray, Penny Wray, Jessica Smith, David R. Dixon, Stephen R. Smith (Dr. Smith), Tom Feist, Sea Wray, LLC, CROC, LLC, and SRS North Carolina Properties, LLC (SRS). The complaint alleged legal malpractice, conversion, constructive fraud, civil conspiracy, breach of fiduciary duty, and an action to set aside a deed due to fraud and undue influence. Plaintiffs also filed a Notice of Designation of Mandatory Complex Business Case. On 20 July 2009, Chief Justice Sarah Parker of the Supreme Court of North Carolina designated this case as a mandatory complex business case and *71 ordered the case to be assigned to a business court judge.
On 13 August 2009, David R. Dixon filed an answer. Dr. Smith was served with process in his individual capacity as well as in his capacity as the registered agent of SRS on 24 August 2009. On 17 September 2009, in lieu of a formal answer, Dr. Smith sent a letter to plaintiffs' counsel, denying the allegations. The letter, printed on his personal letterhead, was signed by "Stephen R. Smith, MD." On the same date, the trial court issued an Order to Show Cause. The Order to Show Cause stated that on 14 August 2009, Donald Wray purported to file answers to plaintiffs' complaint on behalf of himself, Penny Wray, Sea Wray, LLC and Croc, LLC. In its Order to Show Cause, the trial court stated the following, in pertinent part:
2. On August 14, 2009, Defendant Donald Wray purported to file Answers to Plaintiffs' Complaint [o]n behalf of himself, Defendant Penny Wray, Defendant Sea Wray, LLC and Defendant Croc, LLC.
...
4. Pursuant to N.C. Gen.Stat. § 1-11, a party may appear either in person or by a licensed attorney in actions or proceedings in which the party is interested.
5. Defendant Donald Wray does not appear to be licensed to practice law by the North Carolina State Bar.
6. It is inappropriate for Defendant Donald Wray to propound pleadings in this matter on behalf of Defendant[ ]s Penny Wray, Sea Wray, LLC or Croc, LLC.
7. Defendant Penny Wray may appear and propound pleadings in this matter while acting pro se, in her own behalf.
8. Defendants Sea Wray, LLC and Croc, LLC may not appear or propound pleadings in this matter pro se, and may appear only through duly licensed legal counsel.
NOW THEREFORE, it is ORDERED that Defendants Penny Wray, Sea Wray, LLC and Croc, LLC shall appear ... to SHOW CAUSE why the Answers lodged in their behalf by Defendant Don Wray should not be stricken.
However, on 15 October 2009, plaintiffs took a voluntary dismissal with prejudice as to their claims against Don Wray, Penny Wray, Jessica L. Smith, and Sea Wray, LLC, and dismissed Tom Feist as well in December 2009.
In an order filed 22 October 2009 following a hearing upon the court's 17 September 2009 Order to Show Cause, the trial court allowed Kathryn Fagan to appear as counsel for Croc, LLC, and to file an amended answer in November 2009. On 23 November 2009, Dr. Smith sent a letter to Fagan listing his responses to the amended answer filed on behalf of Croc, LLC.
On 30 November 2009, plaintiffs filed a motion for summary judgment as to SRS which stated, in pertinent part, that SRS had not filed a response to plaintiff's complaint within thirty days of service of the summons and complaint and had not made a request to extend the time to answer. In response, Dr. Smith sent a letter to plaintiffs' counsel, opposing summary judgment. Thereafter, SRS retained counsel who on 7 March 2010 filed a Motion for Leave to Amend Answer on behalf of Dr. Smith and SRS.
On 14 June 2010, the trial court granted the Motion for Leave to Amend Answer as to Dr. Smith but denied the Motion for Leave to Amend as to SRS. Further, "[u]pon the court's own motion, default ... [was] entered against [SRS]." The trial court scheduled a 22 June 2010 hearing for plaintiffs' motion for summary judgment. Dr. Smith filed an amended answer on 21 July 2010.
On 20 July 2010, counsel for SRS sent a letter to the trial court apologizing for having missed the 22 June 2010 hearing for plaintiffs' summary judgment motion, asking the court to reconsider the entry of default against SRS, and requesting that should the trial court enter summary judgment against SRS, that the order be certified final and, therefore, immediately appealable. On 30 July 2010, the trial court entered an order granting plaintiffs' motion for summary judgment as to SRS. The trial court also entered an order that stated the following, in pertinent part:
THE COURT, having considered the [20 July 2010] Letter, observes that in submitting the Letter, Counsel has made no effort *72 to comply in either form or substance with numerous provisions of the North Carolina Rules of Civil Procedure ... or the General Rules of Practice and Procedure for the North Carolina Business Court[.] ...
However, notwithstanding Counsel's unexplained failure to abide by [the rules], the court has reviewed the substance of the requests for relief reflected in the Letter and CONCLUDES that SRS has made no showing of good cause for any such relief. Accordingly, to the extent the Letter constitutes a request in behalf of SRS for (a) relief from prior rulings of this court, (b) leave to file an Answer in this action [on] behalf of SRS or (c) certification by the court of the finality of any ruling it has made or might make in the future, the request is DENIED.
On 6 August 2010, SRS filed a Motion to Set Aside Default and Summary Judgment which the trial court denied in a 24 September 2010 order. SRS appeals the following orders: 14 June 2010 Order on Motion for Leave to Amend Answer; 30 July 2010 Order on Motion for Summary Judgment as to Defendant SRS; and 24 September 2010 Order denying Motion to Set Aside Default and Summary Judgment.
At the outset, we note that this appeal is interlocutory in nature. "Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." Harris v. Matthews, 361 N.C. 265, 269, 643 S.E.2d 566, 568 (2007) (citation omitted).
An interlocutory order may be immediately appealable if the court certifies that the order represents a final judgment as to one or more claims in a multi-claim lawsuit or one or more parties in a multi-party lawsuit and certifies that there is no just reason for delay. N.C. Gen.Stat. § 1A-1, Rule 54(b) (2009). "[I]nterlocutory orders are [also] immediately appealable if they: (1) affect a substantial right and (2) [will] work injury if not corrected before final judgment." Harris, 361 N.C. at 269, 643 S.E.2d at 568-69 (internal quotation marks omitted). "A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right." Gilbert v. N.C. State Bar, 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009) (internal quotation marks and citation omitted).
SRS contends that the 30 July 2010 Order on Motion for Summary Judgment as to Defendant SRS, although interlocutory, affects a substantial right allowing review. SRS also argues that because the 30 July 2010 Order affects a substantial right, the 24 September 2010 Order Denying the Motion to Set Aside Default and Summary Judgment is likewise immediately appealable.
On 6 August 2010, SRS filed a Motion to Set Aside Default and Summary Judgment pursuant to Rule 55(d), 59(a)(8) and (9), and 60(b) of the North Carolina Rules of Civil Procedure. SRS argues that the Rule 59 Motion to Set Aside Default and Summary Judgment tolled the appeal from 6 August 2010, filed within ten days of the 30 July 2010 order, making its appeal timely. We disagree. Because both Rule 59(a)(8) and (9) are properly made after a trial, and the case sub judice concluded at the summary judgment stage, SRS' 6 August 2010 motion did not toll the appeal, permitting us to dismiss the appeal as to the 30 July 2010 Order and the 24 September 2010 Order. However, "[we note that] interlocutory orders concerning title ... must be immediately appealed as vital preliminary issues involving substantial rights adversely affected." Watson v. Millers Creek Lumber Co., 178 N.C.App. 552, 554, 631 S.E.2d 839, 840-41 (2006). Therefore, we will address the appeal of these two orders.
In regards to the 14 June 2010 Order on Motion for Leave to Amend Answer, SRS concedes that this order was not timely appealed, *73 leaving us without jurisdiction to review this order on appeal. However, we exercise our authority under Rule 21 to consider SRS' appeal of the 14 July 2010 order as a petition for writ of certiorari, and we grant certiorari to review this order. N.C. R.App. P., Rule 21 (2009). Accordingly, we will address the merits of this appeal.
SRS raises the following six issues on appeal: Whether the trial court (I) abused its discretion in denying SRS's Motion for Leave to Amend Answer; (II) erred in its entry of default against SRS; (III) erred in entering summary judgment against SRS; (IV) abused its discretion in denying SRS' motion to set aside the entry of default pursuant to N.C. Gen.Stat. § 60(b)(6); (V) erred in denying SRS' motion to set aside summary judgment under N.C. Gen.Stat. § 1A-1, Rule 59(a)(8); and (VI) erred in denying SRS' motion to set aside summary judgment pursuant to N.C. Gen.Stat. § 1A-1, Rule 59(a)(9).

I
SRS first argues that the trial court erred in its 14 June 2010 order denying their Motion for Leave to Amend Answer. SRS contends that the "record overwhelmingly discloses that the letter was meant as a response on behalf of SRS as well as Dr. Smith." SRS also argues that the trial court erred by denying their leave to amend based on the misapprehension of law that "where a corporation attempts to appear through a non-attorney, the corporation is in default." We disagree.
"Leave to amend should be granted when `justice so requires,' or by written consent of the adverse party[.] ... The granting or denial of a motion to amend is within the sound discretion of the trial judge, whose decision is reviewed under an abuse of discretion standard." House Healers Restorations, Inc. v. Ball, 112 N.C.App. 783, 785-86, 437 S.E.2d 383, 385 (1993) (internal citation omitted). "If the trial court articulates a clear reason for denying the motion to amend, then our review ends. Acceptable reasons for which a motion to amend may be denied are `undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility of the amendment.'" NationsBank of N.C., N.A. v. Baines, 116 N.C.App. 263, 268, 447 S.E.2d 812, 815 (1994) (quoting Coffey v. Coffey, 94 N.C.App. 717, 722, 381 S.E.2d 467, 471 (1989)).
SRS argues that the trial court's denial of their motion for leave to amend was based on a "mistaken assumption of fact lacking any basis in the record" in regards to finding that Dr. Smith's letter was not filed on behalf of SRS. Alternatively, SRS argues that the trial court's denial of SRS' motion for leave to amend was based on a misapprehension of the law, specifically the trial court's incomplete understanding and reliance on Lexis-Nexis v. Travishan Corp., 155 N.C.App. 205, 573 S.E.2d 547 (2002). SRS asserts that the trial court erred by concluding that "where a corporation attempts to appear through a non-attorney, the corporation is in default." SRS contends that the question before this Court is whether "because of the technical insufficiency of a response through a non-attorney, a corporation should be denied the opportunity to file a proper answer through counsel."
In the case sub judice, the trial court denied SRS' motion for leave to amend answer, articulating the following pertinent findings:
13. In the Motion [for Leave to Amend Answer], [Dr.] Smith states that he believed that the Answer was an answer filed on behalf of himself and SRS.
14. [Dr.] Smith is not an attorney. [Dr.] Smith is a medical doctor[.]
15. Smith wholly owns and is the sole managing member of SRS.
16. [Dr.] Smith's answer was written on personal letterhead. Moreover, [Dr.] Smith signed the letter on his own behalf and did not purport to respond on behalf of SRS.
17. "A corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed pro se." Lexis-Nexis v. Travishan Corp., 155 N.C.App. 205, 209 [573 S.E.2d 547, 549] (2002). The exceptions to this general rule are not satisfied here. See Lexis-Nexis, 155 *74 N.C.App. at 208 [573 S.E.2d at 549]; Beard v. Pembaur, 68 N.C.App. 52, 54-56 [313 S.E.2d 853, 854-56] (1984).
18. Because SRS did not answer the Complaint pursuant to Rule 12(a)(1) (see also Rule 4(b)), relief pursuant to Rule 15(a), which allows for amendment of pleadings, is not appropriate.
Our Court in Lexis-Nexis held that "in North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed pro se unless doing so in accordance with the exceptions set forth in this opinion." Id. at 209, 573 S.E.2d at 549. The exceptions noted by our Court in Lexis-Nexis were as follows: "a corporate employee, who was not an attorney, could prepare legal documents[;]" "a corporation need not be represented by an attorney in the Small Claims Division[;]" and "a corporation may make an appearance in court through its vice-president and thereby avoid default." Id. at 208, 573 S.E.2d at 549 (citations omitted).
Based on the trial court's findings, the court articulated a clear reason for denying SRS' motion for leave to amend the answer: SRS failed to answer the complaint and Dr. Smith's response did not constitute an answer on behalf of SRS. Dr. Smith's letter of response filed on 17 September 2009 failed to indicate that he was responding on behalf of any other person or entity other than himself, was written on his personal letterhead, and was signed solely by Dr. Smith in his individual capacity. Even assuming arguendo that Dr. Smith's letter of response could be considered to constitute an answer on behalf of SRS, Dr. Smith was not a licensed attorney. The case does not fit within the exceptions noted by our Court in Lexis-Nexis and SRS' argument must fail. Based on the foregoing, we hold that the trial court did not abuse its discretion. SRS' argument is overruled.

II
In SRS' second argument, it asserts that the trial court erred in its entry of default against SRS. Specifically, SRS contends that the trial court lacked authority to enter default against SRS and, alternatively, that even if the trial court had the authority to enter default, it abused its discretion by doing so.
When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.
N.C. Gen.Stat. § 1A-1, Rule 55(a) (2009). "[T]he [trial] judge has concurrent jurisdiction and can order entry of default." Ruiz v. Mecklenburg Utils., Inc., 189 N.C.App. 123, 126, 657 S.E.2d 432, 434 (2008) (citation omitted). "A trial court's decision to enter a default judgment, like entry of default, is reviewable for abuse of discretion. As such, we only find abuse of discretion where the trial court's judgment is `manifestly unsupported by reason'." Lowery v. Campbell, 185 N.C.App. 659, 665, 649 S.E.2d 453, 456 (2007) (internal citation omitted).
SRS relies on Peebles v. Moore, 302 N.C. 351, 275 S.E.2d 833 (1981) for its argument that "it is error to enter a default against a defendant who files an untimely answer." SRS argues that the trial court was barred from entering default after SRS filed a motion for leave to amend answer with a proposed amended answer attached. Peebles does state that "the better reasoned and more equitable result [than entering default because an answer is filed late] may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise." Id. at 356, 275 S.E.2d at 836. However, the trial court found the following in its Order on Motion for Leave to Amend Answer, entering default against SRS, in pertinent part:
20. Pursuant to Rule 55(a) ... an entry of default can be made. The court has concluded, supra, that SRS has not filed an answer to the Complaint. Therefore, default may be entered.
...
23. The court recognizes that SRS may contend that the Proposed Amended Answer *75 submitted with the Motion is an answer and bars entry of default pursuant to Peebles, 302 N.C. 351 [275 S.E.2d 833]. The court does not find this argument convincing. "The rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." Moreover, the North Carolina Court of Appeals found that a defendant's failure to respond after service of summons for a period of several months was not a mere technical error, but rather dilatory. Thus, the court upheld an entry of default "where the evidence show[ed] defendant simply neglected the matter at issue." In the case at bar, SRS neglected the matter at issue in failing timely to file a responsive pleading.
(internal citations omitted).
The complaint was filed on 10 July 2009. Because SRS had failed to file a response to the complaint within thirty days and failed to make a request to extend time to answer, plaintiffs filed a motion for summary judgment on 30 November 2009. It was not until 7 March 2010 that SRS filed their Motion for Leave to Amend Answer. However, as the trial court properly found that no responsive pleading had been filed by SRS, there could be no abuse of discretion by the trial court in entering default against SRS. This argument is overruled.

III
In its third argument, SRS contends that the trial court erred in entering summary judgment against SRS. SRS asserts that because the trial court erred in entering default against SRS, summary judgment is void since it was based on that erroneous default judgment. We disagree.
The applicable standard of review of a ruling on a motion for summary judgment is de novo. Thrash Ltd. P'ship v. County of Buncombe, 195 N.C.App. 678, 682, 673 S.E.2d 706, 709 (2009). "Summary judgment is proper where `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Joslyn v. Blanchard, 149 N.C.App. 625, 628, 561 S.E.2d 534, 536 (2002).
Where a party fails to deny averments in a pleading to which a responsive pleading is required, those averments are duly considered admitted. N.C. Gen.Stat. § 1A-1, Rule 8(d) (2009). In the case before us, because SRS filed no answer in response to plaintiffs' complaint, SRS has judicially admitted that the averments in the complaint are true. See Student Bar Ass'n Bd. of Governors v. Byrd, 293 N.C. 594, 612, 239 S.E.2d 415, 427 (1977). Accordingly, plaintiffs were entitled to summary judgment as there were no genuine issues of material fact. Also, because we have already discussed in issue II that the trial court's entry of default against SRS was not made in error, SRS' argument is meritless.
Next, SRS contends that the complaint failed to state a claim against SRS, therefore, the summary judgment order against SRS was based on a deficient pleading. "Unquestionably, a motion to dismiss for failure to state a claim upon which relief may be granted, under Rule 12(b)(6), can be made as late as trial upon the merits. However, we are of the opinion that, as a general rule, the motion comes too late on appeal." Dale v. Lattimore, 12 N.C.App. 348, 350, 183 S.E.2d 417, 418-19 (1971).
SRS further argues that the trial court erred in entering summary judgment because not all defendants were in default. "In an action commenced against multiple defendants where some, but not all, of the defendants fail to plead or otherwise respond, a default judgment against the non-responding defendants does not bar the other defendants from asserting all defenses they might have to defeat plaintiff's claim." Little v. Barson Fin. Servs. Corp., 138 N.C.App. 700, 702, 531 S.E.2d 889, 891 (2000) (citation omitted). Plaintiffs filed a motion for summary judgment as to SRS only on 30 November 2009 "request[ing] relief based on the merits of the pleadings or lack of Defendant SRS pleadings." On 30 July 2010, the trial court granted plaintiffs' motion for summary judgment as to SRS. "[I]t is equally *76 clear that default final judgment against [SRS], d[oes] not adjudicate any rights between plaintiff[s] and the answering defendants." Id. Based on the foregoing, SRS' argument is overruled.
Lastly, SRS argues that the summary judgment against it was based on misapprehensions of law. This argument resembles those raised and discussed in I and II: that it was error for the trial court to find that SRS failed to file a response to plaintiffs' motion for summary judgment and that it was error for the trial court to base the granting of a summary judgment motion on SRS' failure to respond to plaintiffs' motion. Because we have already addressed these issues, we decline to do so here.

IV
In its fourth argument, SRS asserts that the trial court abused its discretion in denying SRS' motion to set aside the entry of default. SRS contends that since error in the entry of default has already been established, it necessarily follows that the trial court's refusal to set aside the entry of default constituted error as well. SRS contends that it has several meritorious defenses to plaintiffs' allegations including: plaintiffs' failure to state a claim; denial of the allegations of fraud; statute of limitations defense; and that the trial court abused its discretion by unjustly ordering Dr. Smith to forfeit his $730,000.00 investment.
"A trial court's decision to grant or deny a motion to set aside an entry of default and default judgment is discretionary. Absent an abuse of that discretion, this Court will not reverse the trial court's ruling." Basnight Constr. Co. v. Peters & White Constr. Co., 169 N.C.App. 619, 621, 610 S.E.2d 469, 470 (2005) (citations omitted). Rule 60(b)(6) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... [a]ny other reason justifying relief from the operation of the judgment." N.C. Gen.Stat. § 1A-1, Rule 60(b)(6) (2009).
As previously discussed, we held that the trial court did not abuse its discretion in entering a default judgment against SRS. In the Order Denying the Motion to Set Aside Default and Summary Judgment, the trial court concluded that "in its discretion, [it] finds no reason justifying Defendant SRS's request to set aside the entry of default judgment and summary judgment pursuant to Rule 60(b)(6)." Because we have held that the trial court did not err by entering default against SRS because SRS failed to file a response to the complaint within thirty days and failed to make a request to extend time to answer, we also hold that the trial court did not abuse its discretion in denying SRS' motion to set aside an entry of default.

V and VI
In its fifth and sixth arguments, SRS asserts that the trial court erred in denying SRS' Motion to Set Aside the Summary Judgment under N.C. Gen.Stat. § 1A-1, Rule 59(a)(8) and (9) when it found that "[a] Rule 59(a) motion is not a proper ground for relief from an entry of summary judgment."
Rule 59(a)(8) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues for any ... [e]rror in law occurring at the trial and objected to by the party making the motion[.]" N.C.G.S. § 1A-1, Rule 59(a)(8) (2009).
According to Rule 59, a new trial may be granted for the reasons enumerated in the Rule. By using the word may, Rule 59 expressly grants the trial court the discretion to determine whether a new trial should be granted. Generally, therefore, the trial court's decision on a motion for a new trial under Rule 59 will not be disturbed on appeal, absent an abuse of discretion. [This Court] recognize[s] a narrow exception to the general rule, applying a de novo standard of review to a motion for a new trial pursuant to Rule 59(a)(8), which is an error in law occurring at the trial and objected to by the party making the motion.
Xiong v. Marks, 193 N.C.App. 644, 654, 668 S.E.2d 594, 601 (2008) (citing Greene v. Royster, 187 N.C.App. 71, 77-78, 652 S.E.2d 277, *77 282 (2007)). Rule 59(a)(9) states that a new trial may be granted for "[a]ny other reason heretofore recognized as grounds for new trial," N.C.G.S. § 1A-1, Rule 59(a)(9). "[R]equests for relief under [N.C.G.S. §] 1A-1, Rule 59(a)(9) are reviewed for an abuse of discretion[.]" Batlle v. Sabates, 198 N.C.App. 407, 423, 681 S.E.2d 788, 799 (2009). "However, where the [Rule 59] motion involves a question of law or legal inference, our standard of review is de novo." Id. (citation omitted).
Because both Rule 59(a)(8) and (9) are post-trial motions and because the instant case concluded at the summary judgment stage, the court did not err by concluding that "it [was] not proper to set aside default against Defendant SRS and vacate the summary judgment pursuant to Rule 59(a)(8) and (9)." This argument is overruled.
Based on the foregoing, we affirm the following orders of the trial court: the 14 June 2010 order denying SRS' Motion for Leave to Amend Answer and entering default against SRS; the 30 July 2010 order granting plaintiff's motion for summary judgment against SRS; and the 24 September 2010 order denying SRS' Motion to Set Aside Default and Summary Judgment.
Affirmed.
Judges HUNTER, ROBERT C., and McCULLOUGH concur.