London Leasing LLC v. Arcus, 2015 NCBC 65.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 7419

LONDON LEASING LLC, a North Carolina
Limited Liability Company,
          Plaintiff

          v.

SHAWN ARCUS, Individually; KEVIN
DELKIN, Individually; JW RAY, Individually;
BURSTNET TECHNOLOGIES, INC., a
Pennsylvania Corporation and DIGI-PLUS
LLC, a Delaware Limited Liability Company,
          Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTIONS TO AMEND,
TO SET ASIDE DEFAULT, AND FOR
DEFAULT JUDGMENT**

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, comes before the Court upon Plaintiff's Motion for Default Judgment Against Defendants Burstnet Technologies, Inc., Digi-Plus, LLC, JW Ray, and Joseph W. Ray ("Motion for Default Judgment"), Defendants Digi-Plus LLC & JW Ray's Motion to Set Aside Entry of Default ("Motion to Set Aside Default"), and Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion to Amend") (collectively, "Motions").

THE COURT, having considered the Motions and other appropriate matters of record, FINDS and CONCLUDES as stated herein.

PROCEDURAL AND FACTUAL BACKGROUND

1. On June 6, 2014, Plaintiff initiated this matter by filing its Complaint. The Complaint contained causes of action against five Defendants: Shawn Arcus, Kevin Delik,

JW Ray ("Ray"), Burstnet Technologies, Inc. ("Burstnet"), and Digi-Plus LLC ("DigiPlus").[1] Plaintiff has since dismissed its claims against Defendants Arcus and Delik.[2] (Hereinafter, Defendants Ray, Burstnet, and DigiPlus will be referred to as the "Defendants").

2.      In substance, the Complaint alleges that Defendants breached a financing agreement (the "Financing Agreement") with Plaintiff by not making payments required under the Financing Agreement and relocating the financed equipment to an undisclosed location. Plaintiff contends that Defendants fraudulently created a new business entity, DigiPlus, to shelter Burstnet's assets from Plaintiff and other creditors.

3.      On August 12, 2014, Ray and DigiPlus filed a joint Answer to Plaintiff's Complaint through their counsel of record at that time.  Burstnet did not file a responsive pleading.  On September 24, 2014, the Court entered default against Burstnet pursuant to Rule 55(a).[3]

4.      On September 24, 2014, counsel of record for Ray and DigiPlus filed a Consent Motion to Withdraw as Counsel of Record, in which counsel represented to the Court that "Defendants have been advised of the current pending deadlines in this case and acknowledge that allowance of the Motion to Withdraw will not necessarily result in any delay or continuance of deadlines or other settings." On September 25, 2014, the Court granted the Motion to Withdraw.

5.      On September 24, 2014, Plaintiff served Document Requests on Ray and DigiPlus. On October 4, 2014, Plaintiff served Interrogatories on Ray and DigiPlus.[4] On October 8, 2014, Plaintiff's counsel and Ray spoke via telephone.  Plaintiff's counsel told Ray

---

[1] Compl. ¶ 1.

[2] Notice of Voluntary Dismissal (July 23, 2014); Notice of Voluntary Dismissal (Nov. 17, 2014).

[3] Order Mot. Def. J. (Sept. 24, 2014). In the order, the Court concluded that it did not have sufficient evidence to grant default judgment against Burstnet at that time.

[4] Aff. of Christopher R. Strianese, Esq., Oct. 15, 2014 ("Strianese Aff.") ¶ 6.

that Plaintiff wished to confer regarding the selection of a mediator. In response, Ray told Plaintiff's counsel that: (1) neither Ray nor DigiPlus would attend any mediation in person, and would only attend by teleconference "so that the mediator could explain to Plaintiff how absurd or ridiculous Plaintiff's claims are in this lawsuit;" (2) neither Ray nor DigiPlus would offer any payment towards a settlement; (3) neither Ray nor DigiPlus would hire replacement counsel; (4) neither Ray nor DigiPlus would respond to any discovery requests; (5) neither Ray nor DigiPlus would pay any judgment levied against them in this lawsuit; and (6) neither Ray nor DigiPlus would participate in this lawsuit unless they are "arrested for criminal conduct."[5]

6.     On October 15, 2014, Plaintiff filed the Motion to Strike the Answers of Defendants Digi-Plus LLC and JW Ray and to Enter an Order of Default. The Motion asked the Court to sanction DigiPlus and Ray by striking their answers and entering default pursuant to Rule 37(b)(2), based on their refusal to comply with the Case Management Order, refusal to respond to discovery requests, and expressed intention not to participate in the litigation of the case.[6]  In support of the Motion, Plaintiff filed an affidavit of Plaintiff's counsel that detailed, *inter alia*, the October 8 telephone conversation between Plaintiff's counsel and Ray.  Defendants Ray and DigiPlus never responded to the Motion.

7.     On March 4, 2015, this Court entered an Order on Motion to Strike Answers and Enter Order of Default.[7] The Order stated that "[t]he evidence also establishes that Ray's and DigiPlus' refusal to obey the CMO or otherwise participate in this action was purposeful and done with at least some knowledge that the conduct could result in serious consequences."  The Court concluded that "Ray and DigiPlus have and will continue to violate

---

[5] Strianese Aff. ¶¶ 8-11.
[6] Default Mot. at ¶ 21.
[7] In response to a contention by Plaintiff that JW Ray's full legal name was Joseph W. Ray, the Order included a footnote indicating that the Order would also apply to Joseph W. Ray. *Id.* at 6 n. 8.

this Court's Case Management Order. The Court has considered the 'cumulative effect [of the misconduct] . . . and . . . the available sanctions for such misconduct,' and finds that sanctions short of striking Defendants' Answer and making an entry of default 'would not be adequate given the seriousness of the misconduct.'"[8]

8.      On March 12, 2015, Plaintiff filed the Motion for Default Judgment. The motion requested that judgment to be entered against Defendants Burstnet, DigiPlus, and Ray, jointly and severally, in the amount of $226,450.32. The first page of the Default Judgment Motion states in bold letters:

> **Please take notice that, in accordance with Rule 55(b) of the North Carolina Rules of Civil Procedure, the Court may decide this Motion for judgment by default without a hearing if you do not serve a written response, stating your grounds for opposition to this Motion, within 30 days of the service of the Motion.**

Plaintiff served the Default Judgment Motion on DigiPlus, LLC, Burstnet Technologies, Inc., JW Ray, Joseph W. Ray,[9] and bankruptcy counsel for Shawn Arcus.

9.      On March 25, 2015, the Court held a hearing on the Motion for Default Judgment. Per the Court's March 13, 2015 Notice of Hearing, Plaintiff served a copy of the Notice on Defendants. Defendants did not appear at the hearing.

10.     On March 31, 2015, Plaintiff filed the Motion to Amend. Plaintiff seeks leave to amend the Complaint to add five additional defendants (hereafter, the "New Defendants") that Plaintiff identifies as LLCs owned and/or controlled by Ray, and that Plaintiff believes Ray has been using to shelter assets from liability as to Plaintiff and other creditors.  The Amendment Motion also seeks to state two new claims against all New Defendants and Ray, DigiPlus and Burstnet.   Defendants did not file an opposition to the Motion to Amend.

---

[8] Order on Motion to Strike Answers and Enter Order of Default at 5 (internal citations omitted).
[9] There is a dispute between the parties as to whether "Joseph W. Ray" is JW Ray's legal name. Ray signed his affidavit as "JW Ray."

11.     On April 8, 2015, new counsel filed an appearance on behalf of Defendants JW Ray and DigiPlus.[10] On April 13, 2015, Defendants filed the Defendants' Motion to Set Aside Default, requesting that the Court set aside the entry of default as to JW Ray and DigiPlus. Defendants also submitted a brief in opposition to the Motion for Default Judgment.

12.     The Motions are ripe for determination by the Court.

<u>ANALYSIS</u>

13.     Under Rule 55 of the North Carolina Rules of Civil Procedure ("Rule(s)"), judgment by default may be entered by a court upon an entry of default and finding that the complaint supports the recovery sought by plaintiff. N.C. R. Civ. P. 55. *See, e.g.*, *Webb v. McJas, Inc.*, __ N.C. App. __, 745 S.E.2d 21, 24 (N.C. Ct. App. 2013). Though entry of a default judgment is subject to the discretion of the court, North Carolina law disfavors default judgments, and any doubt should be resolved in favor of allowing resolution on the merits of the case. *See, e.g.*, *N.C. Nat'l Bank v. McKee*, 63 N.C. App. 58, 61 (1983). "Default judgment is a drastic remedy which should be reserved for those cases . . . in which one party refuses or fails to attend to his or her legal business." *Beard v. Pembaur*, 68 N.C. App. 52, 58 (1984).

14.     The Court already has entered default against Ray, DigiPlus, and Burstnet.[11] Accordingly, unless that order is set aside, "the substantive allegations contained in plaintiff's complaint are no longer in issue, and for purposes of entry of default and default judgment, are deemed admitted." *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 751 (2009) (citing *Blankenship v. Town & Country Ford, Inc.*, 174 N.C. App. 764, 767 (2005)).

15.     Because the Court's ruling on the Motion to Amend will influence its analysis on the other Motions, the Court will address the Motion to Amend first.

---

[10] Not. of Appearance (Apr. 8, 2015).
[11] Order on Motion to Strike Answers and Enter Order of Default (Mar. 4, 2015).

*Plaintiff's Motion to Amend*

16.     Plaintiff's Motion to Amend seeks permission to add claims against five limited liability companies that are not currently named defendants, but that Plaintiff believes are related to the named Defendants and are being used to shelter assets from creditors, including Plaintiff. Plaintiff seeks to assert new claims against all defendants for violation of the NC Uniform Fraudulent Transfer Act and fraudulent conveyance, and to extend the existing claim for violation of the NC Unfair and Deceptive Trade Practices Act to the New Defendants. Plaintiff contends that it has only recently filed the Amendment Motion because Defendants have "refus[ed] to produce *any* discovery in this matter," and that Plaintiff only recently learned of these limited liability companies.[12] Plaintiff further contends that allowing the amendment would promote judicial economy and save Plaintiff from the expense of filing a new action.

17.     Defendants did not file an opposition to the Motion to Amend.  Instead, they argue in their brief opposing the Motion for Default Judgment that, in the event that the Court does not vacate the entry of default, Plaintiff is entitled to amend its Complaint as a matter of right pursuant to Rule 15(a) because there is no responsive pleading on file in this matter. Defendants further argue that an amended complaint necessarily allows them to file a new responsive pleading, such that the prior entry of default is moot.

18.     Rule 15(a) provides that a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served . . . ." Once a responsive pleading has been served, however, a pleading may be amended only with leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires" to amend a pleading. *Id.*  A motion to amend is "addressed to the discretion of the trial court," but the

---

[12] Pl. Mot. Am. Compl. ¶ 10 (emphasis in original).

Rules "still provide some protection for parties who may be prejudiced by liberal amendments." *Nationsbank of N.C., N.A. v. Baines*, 116 N.C. App. 263, 268 (1994) (internal quotations and citations omitted). Accordingly, a motion to amend may be denied for, *inter alia*, undue delay or undue prejudice. *Id.*

19. When the "essence" of a motion to amend seeks to add an additional party, the Court must also consider Rules 20 and 21 of the North Carolina Rules of Civil Procedure. *Coffey v. Coffey*, 94 N.C. App. 717, 721-22 (1989). Rule 20 allows for the permissive joinder of defendants if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all parties will arise in the action." N.C. R. Civ. P. 20(a). Rule 21 provides parties may be added to a case "on such terms as are just . . . at any stage of the action." N.C. R. Civ. P. 21.

20. As an initial matter, the Court is not persuaded that Plaintiff is able to amend its Complaint as a matter of right. Rule 15(a) specifically allows for an amendment as a matter of right "at any time before a responsive pleading is served." The Court's order striking Defendants' initial answer did not turn back the clock to "before a responsive pleading [was] served." Defendants served an Answer on Plaintiff, albeit an Answer that was later stricken by the Court. Plaintiff may not amend as of right.

21. Nevertheless, the Court does not believe the proposed amendment prejudices Defendants. Defendants have not objected to the amendment; in fact, Defendants seem to support the Court granting leave for Plaintiff to file the amendment. Finally, it appears that the amendment would also comply with the standards set forth in Rules 21 and 22 for adding additional parties.[13]

---

[13] The Court notes that the claims against the New Defendants will not "relate back" to the filing date of the original Complaint under Rule 15(c). *White v. Crisp*, 138 N.C. App. 516, 520 (2000).

22. In light of the liberal standard for amendment under Rule 15 and the lack of prejudice to the Defendants, the Court concludes, in its discretion, that good cause exists to GRANT the Motion to Amend.

*Defendants' Motion to Set Aside Entry of Default*

23. Defendants' Motion to Set Aside Default asks the Court to set aside its March 4, 2015 entry of default. In support of this request, Defendants contend that Ray and DigiPlus "diligently obtained legal counsel" at the beginning of the case, and that Ray did not understand discovery or mediation but "attempted to interact with Plaintiff's counsel [and] provide evidence."[14] Defendant Ray has submitted an affidavit to the Court in which he contends that he did not understand the legal process and did not intend to disobey Court orders.[15] Defendants argue that the Court should exercise its discretion to set aside the entry of default "for good cause shown." N.C. R. Civ. P. 55(d).

24. Plaintiff opposes the Defendants' Motion, arguing that Defendant Ray cannot claim ignorance because Plaintiff's counsel explicitly informed Ray of his obligation to participate in mediation during their phone call. In addition, the Motion to Withdraw filed by Defendants' previous counsel explicitly stated that "Defendants have been advised of the current pending deadlines in this case and acknowledge that allowance of the Motion to Withdraw will not necessarily result in any delay or continuance of deadlines or other settings."

25. In support of their motion, Defendants cite to *Beard v. Pemberton*, 68 N.C. App. 52 (1984). In *Beard*, the North Carolina Court of Appeals found that the trial court had abused its discretion in refusing to set aside an entry of default against a plaintiff for failure to reply to the defendant's counterclaim. In reaching its conclusion, the Court of Appeals took

---

[14] Mem. Supp. Mot. Side Aside Entry of Default 5.
[15] Aff. of JW Ray at ¶¶24-25.

specific notice of the fact that that discovery was being "vigorously" pursued by both sides, that counsel for the plaintiff was mistaken as to the date of service on the defendant, and that the material allegations of both the complaint and counterclaim related to the same transaction. *Id.* at 56.

26.     The Court finds that Defendants have not demonstrated good cause to set aside the entry of default based on Ray's alleged misunderstanding of his legal obligation in this matter. The situation pending before the Court is substantially less compelling than the situation faced by the North Carolina Court of Appeals in *Beard*. There is nothing in the record to indicate that Defendants have been actively involved in this case before or after entry of default; in fact, Defendants repeatedly failed to respond to Plaintiff's motions or appear at hearings scheduled by the Court. Given Ray's statements to Plaintiff's counsel, which Ray does not dispute in his sworn affidavit, the Court concludes that Defendants' failure to comply with the Case Management Order was not the result of an error. Furthermore, while the entry of default in *Beard* stemmed from a failure to timely file a responsive pleading, the Court entered default in this matter pursuant to Rule 37, as sanctions for failure to comply with a court order.[16]

27.     The Court, however, is forced to conclude that Plaintiff's decision to amend its Complaint provides the "good cause" necessary to set aside the entry of default.  The amendments Plaintiff sought added the New Defendants to the case and brought two new claims against the New Defendants and Ray, DigiPlus and Burstnet.  The Amended Complaint makes numerous new allegations regarding Ray, DigiPlus and Burstnet to which

---

[16] The Court further notes that Defendant's decision to proceed *pro se* does not constitute an excuse for failing to comply with Court order. *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 486-87 (2003) (upholding denial of a defendant's motion to strike the plaintiff's motion for default, made on the basis that the defendant "did not know nor understand the consequences of a failure to timely respond to the complaint and summons").

those parties have not had an opportunity to respond.[17]  These include allegations directly related to both the two new claims and the claim for violation of G.S. 75-1.1.[18]  The allegations underlying the new claims for fraudulent transfer all involve actions taken by Ray, and are heavily intertwined with the allegations in the original Complaint.  The Court concludes that Ray, DigiPlus and Burstnet should have an opportunity to defend all of the allegations in the Amended Complaint. *See Hyder v. Dergance*, 76 N.C. App. 317, 319-20 (1985) (finding that Rule 15 "does not distinguish between minor and major amendments" to a pleading, because an amended pleading supersedes the original and thus gives the opposing party a new chance to respond).[19]  Accordingly, Defendants' Motion to Set Aside Entry of Default should be GRANTED.[20]

*Motion for Default Judgment*

28.     Because the Court finds that the Defendants' Motion to Set Aside Default should be granted, Plaintiff's Motion for Default Judgment is DENIED as MOOT.

THEREFORE, IT IS ORDERED that:

29.     Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED. Plaintiff shall file the Amended Complaint (removing the track-changes from the proposed First Amended Complaint filed with its motion) on or before July 7, 2015. In accordance with Rule 15, all Defendants shall thirty days from the date of the filing of the Amended Complaint in which to answer or otherwise respond to the Amended Complaint.

---

[17] Am. Compl. ¶¶ 70-82.

[18] *Id.*

[19] Plaintiff urges us to adopt the reasoning in *Northland Cable TV, Inc. v. Highlands Cable Group, LLC*, No. COA06-580, 2006 N.C. App. LEXIS 2493 (N.C. Ct. App. Dec. 19, 2006), in which the North Carolina Court of Appeals upheld an entry of default after a pleading was amended. However, the defendant in *Northland Cable* repeatedly failed to comply with court orders over an extended period of time. The Court finds those facts considerably more egregious than those before the Court at present.

[20] Nonetheless, the Court also concludes that Defendants' conduct that lead to the entry of default pursuant to Rule 37 was inexcusable, and the Court will enter other appropriate sanctions against Defendants at a future date.

30.     Defendants' Motion to Set Aside Entry of Default is GRANTED.

31.     Plaintiff's Motion for Default Judgment is DENIED as MOOT.

32.     The Court will consider appropriate sanctions against Defendants at a future date.

This the 29th day of June, 2015.

        /s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
  for Complex Business Cases