IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-56

No. COA20-166

Filed 1 February 2022

Clay County, No. 18 CVS 107

JASON T.S. MOORE, Plaintiff,

v.

MATT TROUT, and wife, KAREN ANN TROUT, individually and as Trustee of the Karen Ann Trout Trust dated June 22, 2000, Defendants.

Appeal by Defendants from order entered 25 September 2019 by Judge William H. Coward in Clay County Superior Court. Heard in the Court of Appeals 22 September 2020.

> *Cannon Law, P.C., by William E. Cannon, Jr., Mark A. Wilson, and Tiffany F. Yates, for plaintiff-appellee.*

> *Offit Kurman, P.A., by Zipporah Basile Edwards and Robert B. McNeill, for defendants-appellants.*

PER CURIAM.

¶ 1     Defendants Matt Trout and his wife, Karen Ann Trout, appeal from the trial court's order granting Plaintiff Jason Moore's motion for summary judgment and denying the Trouts' motion for summary judgment. After careful review, we dismiss the Trouts' appeal as interlocutory.

**BACKGROUND**

¶ 2        On 21 May 2018, Moore filed a *Complaint for Declaratory Judgment* against

the Trouts, asserting a claim for an easement by necessity over the Trout Parcel.  In

their Answer, the Trouts asserted seven affirmative defenses, including cessation of

necessity and laches.

¶ 3        On 26 August 2019, the Trouts filed a motion for summary judgment, arguing

> there is no genuine issue of material fact as to the cessation
> of any such necessity upon [Ashe-Pirkle's] acquisition of
> title to the 4.75 acre tract of land conveyed to [Moore] . . . ;
> as such any easement by necessity over the Trouts'
> property terminated and judgment should be granted in
> favor of the Trouts as a matter of law.

On 3 September 2019, Moore filed a cross-motion for summary judgment, arguing

"there is no genuine issue as to any material fact with regard to [his] claims and with

regard to all of [the Trouts'] affirmative defenses and [Moore] is entitled to judgment

in his favor as a matter of law."  The Trouts opposed this motion on the grounds that

"the claimed easement by necessity had terminated as a matter of law and

alternatively, that there were issues of fact as to whether Moore's claim for an

easement by necessity was barred by the doctrine of laches."

¶ 4        On 9 September 2019, the trial court held a hearing on both summary

judgment motions.  The trial court granted Moore's motion for summary judgment

and denied the Trouts' motion for summary judgment.  In its *Order on Summary*

*Judgment Motions*, the trial court determined "[t]here are no genuine issues of

material fact" in regard to Moore showing the elements of an easement by necessity

and the Trouts' defense of laches was not appropriate in this proceeding. The Trouts

timely appealed the *Order on Summary Judgment Motions*.

## **ANALYSIS**

As an initial matter, we must determine whether we have appellate

jurisdiction to hear the parties' arguments. The Trouts argue two separate grounds

for appellate review: (1) "the trial court's order is a final judgment on the merits from

which immediate appeal lies pursuant to [N.C.G.S.] § 7A-27(b)(1)[,]" and (2)

"alternatively, if the order is deemed interlocutory, it affects a substantial right" and

appeal lies pursuant to N.C.G.S. § 1-277(a).

N.C.G.S. § 7A-27(b)(1) provides that "appeal lies of right directly to the Court

of Appeals . . . [f]rom any final judgment of a [S]uperior [C]ourt . . . ." N.C.G.S. § 7A-

27(b)(1) (2019). Although the trial court's order does not resolve the issue of where

the easement is to be located, the Trouts argue the order is still a final judgment

because "it resolves the sole cause of action in the case – whether Moore is entitled to

an easement by necessity over the Trouts' property – and leaves nothing to be

determined between the parties other than the collateral matter of locating the

easement." The Trouts cite to various cases to assert "North Carolina appellate

courts have concluded that orders determining a petitioner had the right to a cartway

over the land of the respondent, without yet locating the cartway, were immediately

appealable." However, we do not find the Trouts' argument persuasive, as a cartway proceeding is not the same as an easement proceeding. A cartway proceeding is a creation of the legislature for a limited set of specific uses, available in limited circumstances, and entitles the encumbered landowner to just compensation. *See* N.C.G.S. §§ 136-68-136-70 (2019). While similar in their effect on the impacted tract, an easement by necessity is itself a property right under the common law and not a creation of the legislature. *See Pritchard v. Scott*, 254 N.C. 277, 282, 118 S.E.2d 890, 894 (1961) ("A way of necessity is an easement arising from an implied grant or implied reservation; it is of common-law origin and is supported by the rule of sound public policy that lands should not be rendered unfit for occupancy or successful cultivation.").

¶ 7    The Trouts also argue N.C.G.S. § 1-277(a) provides grounds for appellate review. N.C.G.S. § 1-277(a) provides grounds for appellate review when a "judicial order or determination of a judge of a [S]uperior [C]ourt or [D]istrict [C]ourt . . . affects a substantial right claimed in any action or proceeding[.]" N.C.G.S. § 1-277(a) (2019). In asserting the trial court's order affects a substantial right, the Trouts argue:

> Orders affecting title to real property have been held to affect a substantial right. *See Watson v. Millers Creek Lumber Co.*, 178 N.C. App. 552, 554-[55], 631 S.E.2d 839, 840[-41] (2006) (substantial right affected where determination of status of title to real property was a threshold [] question to be answered before liability on additional claims could be determined); *Phoenix Ltd.*

> *Partnership of Raleigh v. Simpson*, 201 N.C. App. 493, 499, 688 S.E.2d 717, 721-22 (2009) (substantial right affected where trial court ordered [the] defendants to convey property to [the] plaintiff); *Bodie Island Beach Club Ass'n, Inc v. Wray*, 215 N.C. App. 283, 287-88, 716 S.E.2d 67, 72 (2011) (substantial right affected in action to set aside a deed due to claimed fraud and undue influence).
>
> Here, the [o]rder directly affects the Trouts' title to real property, diminishing the title by concluding that an easement by necessity exists over their property. This determination is analogous to ordering the conveyance of real property. The threshold question of the status of title to the Trouts' property (whether an easement by necessity does or does not [exist]) should be answered before proceeding with the mechanism for locating any such easement – a mechanism which is lengthy, costly, burdensome, and a potentially inefficient use of the parties' and court's resources.

¶ 8        We reject the Trouts' substantial rights argument based on the arguments presented in their brief, as we do not find the cases referenced to be analogous to rights determined by the *Order on Summary Judgment Motions*. The Trouts did not present any other grounds for appellate review, and it is not our duty "to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994); *see also Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("It is not the role of the appellate courts . . . to create an appeal for an appellant.").

¶ 9        The location of the easement remains outstanding.  The Trouts' arguments on appeal do not evince sufficient grounds for an interlocutory appeal.  We have no jurisdiction to hear this matter at this time.

## **CONCLUSION**

¶ 10        For the reasons stated above, the Trouts' interlocutory appeal is dismissed.

DISMISSED.

Panel consisting of Judges DIETZ, TYSON, and MURPHY.