LEXIS-NEXIS, DIVISION OF REED ELSEVIER, INC., Plaintiff v. TRAVISHAN
CORPORATION, Defendant

No. COA01-1247

(Filed 31 December 2002)

**Attorneys; Corporations— pro se representation through corporate agent—exceptions**

The trial court erred by permitting defendant corporation to be represented pro se by its agent even though its agent is the CEO, president, chairman of the board, and sole shareholder of the corporation because in North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed pro se unless doing so in accordance with the following exceptions: (1) a corporate employee who is not an attorney can prepare legal documents; (2) a corporation need not be represented by an attorney in the Small Claims Division; and (3) a corporation may make an appearance in court through its officer and thereby avoid default.

Appeal by plaintiff from an order entered 5 June 2000 by Judge Craig Croom in Wake County District Court. Appeal by defendant from an order entered 11 May 2001 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 14 August 2002.

*Smith, Debnam, Narron, Wyche, Story & Myers, by Gerald H. Groon, Jr., and Matthew E. Roehm, for plaintiff cross-appellant.*

*Florence Amelia Smith, CEO, President, Chairman of the Board of Travishan Corporation, for defendant cross-appellee.*

CAMPBELL, Judge.

Plaintiff appeals from an order entered 5 June 2000 by Judge Craig Croom ("Judge Croom") in Wake County District Court permitting defendant, TRaviSHan Corporation, to be represented *pro se* by

its CEO, President, Chairman of the Board and sole shareholder, Ms. Florence Amelia Smith ("Ms. Smith"). Defendant appeals from an order entered 11 May 2001 by Judge Donald W. Stephens in Wake County Superior Court dismissing defendant's counterclaim.

Plaintiff filed a complaint against defendant on 13 October 1998 for breach of contract seeking damages in the amount of $2,922.26 plus interest. Ms. Smith filed an answer and counterclaim on behalf of defendant on 7 April 1999. Plaintiff filed a reply denying the allegations in the counterclaim on 7 June 1999. Thereafter, plaintiff filed an amended complaint and defendant filed an amended answer.

Plaintiff filed a motion to strike defendant's answer and counterclaim asserting that Ms. Smith's *pro se* representation of defendant violated N.C. Gen. Stat. § 84-5, which provides that a corporation may not practice law in North Carolina. Defendant answered this assertion with a motion to permit the appearance of Ms. Smith on behalf of defendant, citing the constitutions of both United States and North Carolina. Pursuant to Canon 3(A)(4) of the Code of Judicial Conduct, which provides that a judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before him," Judge Croom sought advice from the North Carolina State Bar. A deputy counsel, assigned to answer inquiries regarding the unauthorized practice of law, advised Judge Croom that, in the State Bar's opinion, Ms. Smith's appearance on behalf of defendant would not constitute unauthorized practice of law because an owner and officer of a corporation may represent her company to the same extent as an individual *pro se* party. Thereupon, Judge Croom issued an order denying plaintiff's motion to strike and permitting Ms. Smith's representation of defendant.

Plaintiff filed a reply to defendant's amended answer and counterclaim that included a request for a written statement of monetary relief and a motion to transfer to Superior Court. The motion to transfer to Superior Court was permitted on 5 September 2000. Plaintiff then filed a motion to dismiss defendant's counterclaim, which was granted on 14 February 2001, nunc pro tunc 15 December 2000. Plaintiff voluntarily dismissed its claim on 1 March 2001. Defendant filed multiple motions for rehearing. Judge Stephens entered, on 11 May 2001, an order reaffirming the prior dismissal.

Defendant appealed from the Superior Court order dismissing her counterclaim, and plaintiff cross-appealed the District Court order permitting Ms. Smith to represent defendant.

Appellate "[r]eview is limited to questions so presented in the several briefs. Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned." N.C. R. App. P. 28(a) (2001). The Court may, however, in its discretion, suspend the rules of appellate procedure. N.C. R. App. P. 2 (2001). Defendant appealed from the Superior Court order dismissing her counterclaim, but failed to argue this issue or any other assignments of error in her brief. Therefore, pursuant to Rule 28(a), defendant's assignments of error are deemed abandoned. However, pursuant to Rule 2, we choose to address the merits of defendant's claim to the extent implicated in plaintiff's cross-appeal.

The issue presented to the Court on cross-appeal, and argued by both parties in their briefs, is whether or not the district court erred by permitting Ms. Smith to represent defendant TRaviSHan Corporation *pro se.*

Regarding legal representation, North Carolina law provides that "it shall be unlawful for any person or association of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to appear as attorney or counselor at law in any action or proceeding before any judicial body . . . except in his own behalf as a party thereto." N.C. Gen. Stat. § 84-4 (2001). Moreover, "[a] corporation cannot lawfully practice law. It is a personal right of the individual." *Seawell, Attorney General v. Motor Club*, 209 N.C. 624, 631, 184 S.E. 540, 544 (1936). With these general rules in mind, we turn to the issue of whether or not a corporation may be represented *pro* se by its agent, even where its agent is the CEO, president, chairman of the board, and sole shareholder. Because this is an issue of first impression in our appellate courts, we find it helpful to consider the law from other jurisdictions.

"The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law." *Oahu Plumbing & Sheet Metal v. Kona Constr.*, 590 P.2d 570, 572 (Haw. 1979) (citing numerous cases from other jurisdictions throughout the United States). "Not only has this principle long been recognized, it has been almost universally accepted." *Eckles v. Atlanta Technology Group, Inc.*, 485 S.E.2d 22, 25 (Ga. 1997). The rule is often applied only in the context of litigation. For example, the Restatement of the Law Governing Lawyers, provides that "a nonlawyer officer of a corporation may permissibly draft legal documents, [and] negotiate complex

transactions." *Restatement (Third) of the Law Governing Lawyers* § 4 cmt. e (1998). The restatement further explains that "[w]ith respect to litigation, several jurisdictions except representation in certain tribunals, such as . . . small-claims courts and in certain administrative proceedings." *Id.*

North Carolina has never expressly adopted the general rule, but our appellate courts have recognized the most common exceptions to the rule. The North Carolina Supreme Court held that a corporate employee, who was not an attorney, could prepare legal documents. *State v. Pledger*, 257 N.C. 634, 127 S.E.2d 337 (1962). The North Carolina Court of Appeals recognized the exception, that a corporation need not be represented by an attorney in the Small Claims Division since "in enacting our small claims court system . . . the General Assembly apparently intended . . . to provide our citizens, corporate as well as individual, with an expedient, inexpensive, speedy forum in which they can process litigation involving small sums without obtaining a lawyer." *Duke Power Co. v. Daniels*, 86 N.C. App. 469, 472, 358 S.E.2d 87, 89 (1987). In addition to these exceptions, the North Carolina Court of Appeals also recognized that a corporation may make an appearance in court through its vice-president and thereby avoid default. *Roland v. Motor Lines*, 32 N.C. App. 288, 231 S.E.2d 685 (1977).

Ms. Smith asserts that since a North Carolina corporation may make an appearance through an officer, it may also represent itself in the ensuing litigation through an officer. This argument misapprehends the substantial difference between permitting a corporation to make an appearance and permitting a corporation to practice law.

As the Court explained in *Roland*, "an appearance may arise by implication when a defendant takes, seeks, or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff." *Id.*, 32 N.C. App at 289, 231 S.E.2d at 687. Moreover, "negotiations between parties after the institution of an action may constitute an appearance." *Webb v. James*, 46 N.C. App. 551, 557, 265 S.E.2d 642, 646 (1980) (holding that negotiations between the parties for a continuance constituted an appearance). Such negotiations would typically be made through an agent of the corporation, since "[a] corporation can only act through its agents." *Godwin v. Walls*, 118 N.C. App. 341, 348, 455 S.E.2d 473, 479 (1995). Though an agent may negotiate with an opposing party, and therefore may make an implied appearance on behalf of a corporation, it does not follow that the agent may also litigate for the corporation.

North Carolina has expressly adopted the most common exceptions to the general rule prohibiting non-attorney representation of corporations. We now expressly adopt the general rule, and hold that in North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se* unless doing so in accordance with the exceptions set forth in this opinion.

Accordingly, we hold the District Court erred by permitting Ms. Smith to represent defendant TRaviSHan Corporation. The decision of the District Court is reversed. Defendant's appeal from the Superior Court is dismissed.

Dismissed in part, reversed in part.

Judges WYNN and HUDSON concur.