ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

———

ALLIED ENVIRONMENTAL SERVICES, PLLC AND DEANS OIL COMPANY, INC. PETITIONERS-APPELLANTS v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENTAL AND NATURAL RESOURCES, DIVISION OF WASTE MANAGEMENT RESPONDENT-APPELLEE

No. COA06-1148

(Filed 20 November 2007)

**Administrative Law— petition—corporations—not required to be represented by attorney**

There is no general rule in the administrative code requiring corporations to be represented by counsel at administrative hearings, and the trial court erred by affirming an administrative law judge's decision to dismiss for lack of subject matter jurisdiction because the petition was signed by a non-attorney agent of petitioner.

Judge STROUD concurring.

Appeal by petitioners from order entered 22 May 2006 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 28 March 2007.

*Simonsen Law Firm, P.C., by Lars P. Simonsen, for petitioners-appellants.*

*Attorney General Roy Cooper, by Assistant Attorney General Kimberly Duffley, for respondent-appellee.*

CALABRIA, Judge.

Allied Environmental Services, PLLC ("Allied Environmental"), and Deans Oil Company, Inc. ("Deans Oil Company") (collectively "appellants") appeal from an order entered 22 May 2006. We reverse the trial court and remand for further proceedings.

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

Deans Oil Company is the owner of a property located on Highway 121 North in Farmville, Pitt County, known as the Hustle Mart No. 3 ("the site"). Petroleum contamination originating from previously removed underground storage tanks was discovered at the site in June of 1996. Deans Oil Company hired Allied Environmental to clean up the contaminated land. Following the cleanup, appellants applied for and received reimbursement in the amount of $33,410.15 from the North Carolina Commercial Leaking Underground Storage Tank Cleanup Fund ("Trust Fund").

The Leaking Petroleum Underground Storage Tank Cleanup Act was enacted by the General Assembly 30 June 1988 to provide reimbursement to landowners as well as owners and operators of underground storage tanks containing petroleum for costs associated with cleaning up petroleum discharges from the underground tanks. N.C. Gen. Stat. § 143-215.94A (2005), *et seq.* On 3 May 2004, the North Carolina Department of Environmental and Natural Resources, Division of Waste Management ("appellee"), sent a letter notifying the appellants that appellee was retracting the eligibility for reimbursement from the Trust Fund for cleanup costs and demanded repayment from Deans Oil Company to the Trust Fund for all the costs received from appellee as a reimbursement. In a letter dated 10 June 2004, Allied Environmental as agent and Deans Oil Company, requested a contested case hearing to appeal the retraction of eligibility. The request was made within sixty days of receiving notice of the retraction as required by N.C. Gen. Stat. § 150B-23(f) (2003).

On 16 July 2004, appellee filed a motion to dismiss the contested case petition on the grounds that the Office of Administrative Hearings ("OAH") lacked subject matter jurisdiction over the dispute alleging Allied Environmental was not a proper party pursuant to the Statute to represent Deans Oil Company. On 15 October 2004, appellants, through legal counsel, filed and served a motion to amend the contested case petition. Administrative Law Judge Fred G. Morrison, Jr. ("Judge Morrison") entered a final decision dismissing the claim on 30 December 2004 ("Final Order"). On 21 January 2005, appellants petitioned for judicial review in Pitt County Superior Court. On 22 May 2006 Judge Thomas D. Haigwood affirmed Judge Morrison's Final Order. From that order, appellants appeal.

On appeal appellants argue the trial court erred by affirming the administrative law judge's order dismissing the appellants' petition for a contested case hearing on the grounds that the petition was not signed by a proper party. We agree.

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

The issue of "whether a [] court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo.*" *Ales v. T.A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004). The North Carolina Administrative Code establishes that an "owner or operator or landowner who has been denied eligibility for reimbursement from the appropriate fund" has the statutory right to petition for a contested case in the Office of Administrative Hearings. 15A N.C.A.C. 2P.0407(b) (2007); N.C. Gen. Stat. § 143-215.94E (e2) (2005). The code states that the petition must be in accordance with N.C. Gen. Stat. § 150B-23 (2005), which states: "[a] petition shall be signed by a party or a representative of the party. . . ." 15A N.C.A.C. 2P.0407(b) (2007).

Here, the petition was signed by Brian Gray ("Gray"), president of Allied Environmental, as agent for Deans Oil Company. Thus, the issue before this Court is whether the term "representative" is limited to attorneys or whether it is broad enough to include non-attorney agents.

Appellee contends Gray could not act as agent for Deans Oil Company in signing the petition because Deans Oil Company is a corporation and corporations can only be represented by an attorney. *Lexis-Nexis v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002). In *Lexis-Nexis*, we determined that a corporation must be represented by counsel and cannot appear *pro se.* In that case, we stated three exceptions apply to the general rule: 1) an employee of a corporate entity may prepare legal documents; 2) a corporation may appear *pro se* in small claims court; and 3) a corporation may make an appearance through a corporate officer in order to avoid default. *Id.* at 208-09, 573 S.E.2d at 549. Since none of those exceptions apply in this case, it appears that Gray could not represent Deans Oil Company in any legal proceedings.

However, *Lexis-Nexis* dealt with representation in the context of North Carolina's general courts of justice, not in the context of administrative hearings. We have previously recognized that administrative hearings are separate and distinct from judicial proceedings. *Ocean Hill Joint Venture v. N.C. Dept. of E.H.N.R.*, 333 N.C. 318, 426 S.E.2d 274 (1993). As such, we determine that the rule articulated in *Lexis-Nexis* is wholly inapplicable to most appeals arising before the OAH.

While some administrative appeals, such as Property Tax Commission appeals, specifically require licensed attorneys to represent

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

corporations, *see* 17 N.C.A.C. 11.0217 (2007), there is no general rule in the administrative code requiring corporations to be represented by counsel at administrative hearings. In fact, the applicable rule states: "[a] party need not be represented by an attorney." 26 N.C.A.C. 3.0120(e) (2007). This rule makes no distinction between individuals and corporations and inherently contemplates that corporations may be represented by non-attorneys.

Additionally, it is clear to us that the term "representative" as used in N.C. Gen. Stat. § 150B-23 is not coterminous with the term "attorney." Black's Law Dictionary defines "representative" as "[o]ne who stands for or acts on behalf of another . . . ." Black's Law Dictionary 1304 (7th ed. 1999). The legislature, in drafting N.C. Gen. Stat. § 150B-23, could have chosen the word "attorney," but instead chose "representative," a word whose plain meaning is broader than "attorney."

Other sections of the administrative code shed light on the legislature's choice of the word "representative" as well.

> In the event that any party or attorney at law *or other representative* of a party engages in behavior that obstructs the orderly conduct of proceedings or would constitute contempt if done in the General Court of Justice, the administrative law judge presiding may enter a show cause order returnable in Superior Court for contempt proceedings. . . .

26 N.C.A.C. 3.0114(b) (2007) (emphasis supplied). Likewise, 26 N.C.A.C. 3.0118 (2007) speaks of a "representative or attorney of a party" in defining certain terms. These sections indicate that the legislature intended for parties to be represented before the OAH by attorneys and non-attorney representatives. If the General Assembly's intent is otherwise, it retains the ability to amend the statute accordingly.

Since we determined that the trial court erred in affirming the administrative law judge's decision to dismiss the appeal for lack of subject matter jurisdiction, we need not address appellants' remaining argument that the court erred in affirming the administrative law judge's decision to deny appellants' motion to amend their petition. The judgment of the trial court is reversed and the case remanded for additional proceedings consistent with this opinion.

Reversed.

Judge McCULLOUGH concurs.

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

Judge STROUD concurs with a separate opinion.

STROUD, Judge, concurring.

I would also reverse the order of the superior court affirming the Final Order of Dismissal, but on different grounds, because I believe the majority, perhaps inadvertently, permits the unauthorized practice of law by a corporation, in violation of N.C. Gen. Stat. § 84-5 (2005).

The majority opinion defines the issue as "whether the term 'representative' is limited to attorneys or whether it is broad enough to include non-attorney agents." I believe the issue is whether the North Carolina Administrative Code (N.C.A.C.) can create an exception to N.C. Gen. Stat. § 84-5 and N.C. Gen. Stat. § 84-2.1, which expressly forbid a corporation from filing a petition with an administrative tribunal on behalf of any other corporation. Because I conclude that the N.C.A.C. cannot create such an exception, I concur in the result only. I would reverse the order of the superior court affirming the dismissal of the petition on the grounds that the petition was not signed by a proper party, but on the basis that even though the petition was defective, respondent needed to move to strike the petition in order to prevail, which it did not do.

Pursuant to N.C. Gen. Stat. § 143-215.94E(e2) (2005), only the owner[1] or operator[2] has the right to appeal the denial of a claim for reimbursement under the Leaking Petroleum Underground Storage Tank Cleanup Fund ("Trust Fund") Act (N.C. Gen. Stat. § 143-215.94A-94N). The Trust Fund Act further provides that such an appeal is governed by "Article 3 of Chapter 150B of the General Statutes," N.C. Gen. Stat. § 143-215.94E(e2), thereby making such an appeal a petition for a "contested case," N.C. Gen. Stat. § 150B-23(a) (2005). As correctly noted by the majority opinion, a petition for a contested case must be signed by "a party or a representative of the party." Id.

---

1. N.C. Gen. Stat. § 143-215.94A(8) defines "operator" as "any person in control of, or having responsibility for, the operation of an underground storage tank."

2. N.C. Gen. Stat. § 143-215.94A(9) defines "owner" as:

In the case of an underground storage tank in use on 8 November 1984, or brought into use after that date, any person who owns an underground storage tank used for the storage, use, or dispensing of petroleum products; and [i]n the case of an underground storage tank in use before 8 November 1984, but no longer in use on or after that date, any person who owned such tank immediately before the discontinuation of its use.

232        IN THE COURT OF APPEALS

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL·RES.

[187 N.C. App. 227 (2007)]

The majority relies on secondary legal sources and on various provisions in the North Carolina Administrative Code which refer to a "representative," to define the meaning of "representative" in N.C. Gen. Stat. § 150B-23(a). From that definition, the majority reasons that Allied Environmental Services ("Allied"), acting as an "agent" for Deans Oil Company ("Deans Oil"), could file a petition as the "representative" of Deans Oil, thereby rendering Allied a proper party to sign the petition in the case *sub judice*.

. Deans Oil is the owner of the site in question, and respondent concedes that Deans Oil, as owner of the site, was a proper party to file the petition for a contested case. Allied is a separate entity from Deans Oil, identified as a PLLC (professional limited liability company), with no standing as the owner or operator under the Trust. Fund Act. I note at the outset that the record does not contain any contract or agreement between Deans Oil and Allied. The record does contain a letter from Brian E. Gray, President, Allied Environmental Services, PLLC, on Allied letterhead, to the Office of Administrative Hearings, in which Allied requests a contested hearing, reading in its entirety:

> Allied Environmental Services, PLLC as . agent and Deans Oil Company are requesting a hearing for the appeal of eligibility retraction status for the above referenced site. Both parties wish to be present and heard at the hearing. Please schedule the hearing enough in advance so that both parties can attend.

The letter does not state that Allied is acting as a "representative" for Deans Oil.[3] The letter includes the words "as agent" but does not say for whom Allied is an agent. It states that "both parties" are requesting a hearing, not that only Deans Oil is requesting a hearing, through its representative. In spite of these potential deficiencies, I agree with the majority in construing the letter as Allied filing a petition for a contested case hearing as representative of Deans Oil.

---

3. I note that Allied may have had its own right as a "provider of service" *to receive reimbursement* (although not standing to bring the claim) pursuant to 15A N.C.A.C. 2P.0405(a), which provides that "[r]eimbursement for cleanup costs shall be made only to an owner or operator or landowner of a petroleum underground storage tank, or jointly to an owner or operator or landowner and a provider of service." However, pursuant to 15A N.C.A.C. 2P.0405(c), "[j]oint reimbursement of cleanup costs shall be made to an owner or operator or landowner and a provider of service *only upon receipt of a written agreement acknowledged by both parties.* Any reimbursement check shall be sent directly to the owner or operator or landowner." (Emphasis added.) The record does not contain any such agreement between Deans Oil and Allied.

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

"It shall be unlawful for any corporation to *practice law* or appear as an attorney." N.C. Gen. Stat. § 84-5 (2005) (emphasis added.) Under N.C. Gen. Stat. § 84-2.1 (2005), the term "practice law" is defined to include "performing any legal service for any other person, firm, or corporation, with or without compensation, specifically including . . . the *preparation and filing of petitions for use in any court, including administrative tribunals* and other judicial or quasi-judicial bodies." (Emphasis added.) Clearly, the preparation and filing of a petition before an administrative tribunal on behalf of another is the practice of law.

Despite the differences between administrative tribunals and courts for purposes of a statute of limitations in *Ocean Hill Joint Venture v. N. C. Dept of E.H.N.R.*, 333 N.C. 318, 426 S.E.2d 274 (1993) (holding that the one-year statute of limitations under N.C. Gen. Stat. § 1-54(2) does not apply to administrative assessment of civil penalties pursuant to N.C. Gen. Stat. § 113A-64(a) because the statute of limitations applies only to an "action or proceeding" in the general court of justice), noted in the majority opinion, the definition of practic[ing] law specifically includes filing petitions before administrative tribunals and quasi-judicial bodies. The difference between the case *sub judice* and *Ocean Hill Joint Venture* is that N.C. Gen. Stat. § 84-2.1 specifically applies to "administrative tribunals and other . . . quasi-judicial bodies," whereas N.C. Gen. Stat. § 1-54(2) (2005) specifically applies only to an "action or proceeding" before the general court of justice.

In addition, the majority opinion states that the rule established by *Lexis-Nexis v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002) does not apply in the context of administrative hearings. In *Lexis-Nexis*, this Court reversed a trial court order denying a motion to strike an answer and counterclaim when the corporate defendant was represented by its president and sole shareholder, not by a licensed attorney, in filing the answer and counterclaim. *Id.* Applying N.C. Gen. Stat. § 84-5, this Court held that a corporation must be represented by a licensed attorney and cannot appear *pro se*, noting three exceptions which had already been recognized by our appellate courts: (1) an employee of a corporation may prepare legal documents in furtherance of the corporation's own business; (2) an employee of a corporation may appear on behalf of the corporation in small claims court; and (3) a corporation may make an appearance in court through a corporate officer to avoid default. *Id.* at 208, 573 S.E.2d at 549. Only in those three instances may an employee or officer of a corporation, acting on behalf of the corporation, engage in

ALLIED ENVTL. SERVS., PLLC v. N.C. DEP'T OF ENVTL. & NATURAL RES.

[187 N.C. App. 227 (2007)]

the practice of law in North Carolina. I note that those exceptions all involve an employee or officer acting on behalf of his own corporation, and none of them involve, as in the case *sub judice*, one corporation acting on behalf of another.

*Lexis-Nexis* did not include an exception allowing a corporation to "prepar[e] and fil[e] petitions for use in any . . . administrative tribunals" on behalf of another corporation because that is specifically prohibited by N.C. Gen. Stat. § 84-2.1 and N.C. Gen. Stat. § 84-5. I do not believe § 84-5 and *Lexis-Nexis* even allow an employee of a corporation to file a petition with an administrative tribunal on behalf of the corporation which employs him, let alone as an employee of one corporation acting on behalf of another corporation. *See Duke Power Co. v. Daniels*, 86 N.C. App. 469, 472, 358 S.E.2d 87, 89 (1987) ("[T]he main purpose of [N.C. Gen. Stat. § 84-5] is to prohibit corporations from performing legal services for *others*. (Emphasis in original.)). Additionally, North Carolina has a strong public policy preference in favor of personal, as opposed to corporate, representation. *Gardner v. N. C. State Bar*, 316 N.C. 285, 293, 341 S.E.2d 517, 522 (1986) (holding that representation of an insured by an attorney employed by the insurer violates N.C. Gen. Stat. § 84-5).

The majority opinion, perhaps inadvertently, creates a fourth exception to N.C. Gen. Stat. § 84-5 in addition to the *Lexis-Nexis* rule, and permits corporations to practice law on behalf of other corporations before administrative tribunals. The majority opinion cites 26 N.C.A.C. 3.0120(e), which states that "[a] party need not be represented by an attorney" for the proposition that since a party to an administrative contested hearing is not *required* to be represented by an attorney, that corporations may be represented by a "non-attorney representative." The majority misinterprets the rule as saying that "a corporation may be represented by a non-attorney representative," including another corporation, in an administrative proceeding. But N.C. Gen. Stat. § 84-2.1 provides that representation before an administrative tribunal is the practice of law, expressly prohibited to corporations by § 84-5. The majority has thus permitted a rule in the administrative code to overrule a statute enacted by our legislature. I see no basis for holding that a rule in the administrative code, which is clearly intended to permit parties who are otherwise permitted by law to appear *pro se*, to appear *pro se*, permits the unauthorized practice of law by a corporation.

I find no precedent for a corporation being permitted to file a petition on behalf of another corporation in a contested adminis-

trative hearing, and conclude that this practice violates N.C. Gen. Stat. § 84-5. However, I do concur in the result, because I believe respondent did not take the proper procedural step to prevail in this case. I would therefore affirm the order of the superior court for the reason that follows.

The original, albeit defective, petition which was filed in this case by Allied on behalf of Deans Oil is not a nullity, and therefore not ripe for dismissal. "A pleading which is a nullity has absolutely no legal force or effect, and may be treated by the opposing party as if it had not been filed." *Theil v. Detering*, 68 N.C. App. 754, 756, 315 S.E.2d 789, 791, *disc. review denied*, 312 N.C. 89, 321 S.E.2d 908 (1984). However, this Court has held that a complaint filed by an attorney who was not licensed to practice law in North Carolina, in violation of N.C. Gen. Stat. § 84-4.1, was not a nullity and the complaint was effective to toll the statute of limitations, where the plaintiff later retained counsel who was licensed in the State of North Carolina. *Id.* The petition by Allied was filed, and respondent did not file a motion to strike the petition, which would have been necessary to avoid its effect. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 568, 299 S.E.2d 629, 632 (1983); *Lexis-Nexis v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002).

For the foregoing reasons, I respectfully concur in the result only, reversing the order of the superior court which affirmed the dismissal of the petition for a contested case hearing by the administrative law judge. I acknowledge that my concurrence is based on technical procedural grounds, but I believe that is the result which is compelled by *Thiel v. Detering* and *N.C.N.B. v. Virginia Carolina Builders*.