IN RE TWIN COUNTY MOTORSPORTS, INC.

No. COA13-21

Filed 5 November 2013

**Corporations—Department of Motor Vehicles hearing—representation by counsel**

The trial court did not err by reversing the final decision of the Department of Motor Vehicles (DMV), which assessed a civil penalty of $1,500 against Twin County Motorsports, Inc. (Twin County) and suspended its safety inspection license for a period of 1,080 days, and remanding the matter to the DMV hearing officer for a new hearing with Twin County represented by proper counsel. Twin County was not represented by counsel at the DMV hearing and corporations cannot appear pro se in DMV hearings.

Appeal by respondent from order entered 17 October 2012 by Judge Frank Brown in Nash County Superior Court. Heard in the Court of Appeals 15 August 2013.

*Ralph E. Stevenson, III, for petitioner.*

*Roy Cooper, Attorney General, by Christopher W. Brooks, Assistant Attorney General, for respondent.*

DAVIS, Judge.

**IN RE TWIN CNTY. MOTORSPORTS, INC.**

[230 N.C. App. 259 (2013)]

The Commissioner of the North Carolina Division of Motor Vehicles (the "DMV") appeals from the trial court's order (1) reversing the final agency decision assessing a civil penalty of $1,500 against Twin County Motorsports, Inc. ("Twin County") and suspending its safety inspection license for a period of 1,080 days; and (2) remanding for a new hearing before the DMV. The primary issue raised on appeal is whether corporations are required under North Carolina law to be represented by legal counsel in hearings before the DMV. Because we hold that corporations cannot appear *pro se* in DMV hearings, we affirm the trial court's order.

## Factual Background

On 5 October 2010, Inspector L. Neil Ambrose ("Inspector Ambrose") of the Bureau of License and Theft of the DMV went to the place of business of Twin County to investigate a report that the business was conducting state inspections without a licensed mechanic in violation of N.C. Gen. Stat. § 20-183.7B(a)(3).[1] Inspector Ambrose spoke to Lance Cherry ("Cherry"), the owner of Twin County, and Brandon Crawley ("Crawley"), the service manager of the station, and learned that Twin County's employees were improperly using the access code of a former employee — who was a licensed safety inspection mechanic — to conduct motor vehicle safety inspections.

Inspector Ambrose charged Crawley with four counts of performing a safety inspection without a license (a Class 3 misdemeanor) and cited Twin County with six violations of N.C. Gen. Stat. § 20-183.7B(a)(3). On 5 May 2011, Cherry was served with Notices of Charges. The violations alleged in the Notices of Charges were classified as "Type I" violations, which carry a civil penalty of $250 and a six month suspension of the business' license for the first or second violation within three years and a penalty of $1,000 and a two-year license suspension for any subsequent violations.

Cherry requested an administrative hearing before the DMV, and a hearing was held on 19 May 2011. Twin County was not represented by counsel at this proceeding. Instead, Cherry appeared on Twin County's behalf, and DMV Hearing Officer Linda Brown allowed him to represent Twin County *pro se*. On 24 May 2011, Hearing Officer Brown entered an Official Hearing Decision and Order (1) finding that Twin County committed the six Type I violations; (2) ordering the suspension of Twin

---

1. We note that our General Assembly recently amended N.C. Gen. Stat. § 20-183.7B. However, these amendments do not "become effective [until] October 1, 2013, and apply to violations occurring on or after that date." 2013 N.C. Sess. Law ch. 302, § 2-3, 13. Therefore, the amendments do not apply to this case.

County's safety equipment inspection station license for a period of 1,080 days; and (3) imposing a civil penalty assessment of $1,500.

Twin County requested a review by the Commissioner of the hearing officer's decision. The Commissioner subsequently upheld the hearing officer's decision. Twin County sought judicial review of the final agency decision in Nash County Superior Court pursuant to N.C. Gen. Stat. § 20-183.8G(g) and Article 4 of Chapter 150B.

On 17 October 2012, the Honorable Frank Brown entered an order reversing the final agency decision and remanding the matter to the hearing officer for "a new hearing on the Charge Order of October 5, 2010 with [Twin County] represented by proper counsel." The Commissioner appealed to this Court.

## Analysis

On appeal, the Commissioner argues that the trial court erred in reversing the final agency decision of the DMV on the grounds that (1) corporations are entitled to appear *pro se* in DMV hearings; and (2) there was substantial, competent evidence in the record supporting the final agency decision. Because we hold that corporations must be represented by legal counsel in hearings before the DMV and cannot appear *pro se*, we affirm the trial court's order.

In North Carolina, the general rule is that "a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se* . . . ." *Lexis-Nexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002).

In *Lexis-Nexis*, Florence Smith, a non-attorney and the chief executive officer and sole shareholder of the defendant corporation, filed an answer and counterclaim on behalf of the corporation. *Id.* at 206, 573 S.E.2d at 548. The plaintiff moved to strike Smith's answer and counterclaim, arguing that Smith's pro se representation of the defendant constituted the unauthorized practice of law. *Id.* The trial court allowed Smith to represent the defendant but dismissed her counterclaim against the plaintiff. *Id.*

Smith appealed the dismissal of her counterclaim, and the plaintiff cross-appealed the trial court's order permitting Smith's representation of the defendant. *Id.* We held that "a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se* unless doing so in accordance with the exceptions set forth in this opinion." *Id.* at 209, 573 S.E.2d at 549. In so holding, we reasoned that

**IN RE TWIN CNTY. MOTORSPORTS, INC.**

[230 N.C. App. 259 (2013)]

[r]egarding legal representation, North Carolina law provides that "it shall be unlawful for any person or association of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to appear as attorney or counselor at law in any action or proceeding before any judicial body ... except in his own behalf as a party thereto." N.C. Gen. Stat. § 84-4 (2001). Moreover, "[a] corporation cannot lawfully practice law. It is a personal right of the individual." *Seawell, Attorney General v. Motor Club*, 209 N.C. 624, 631, 184 S.E. 540, 544 (1936).

*Id.* at 207, 573 S.E.2d at 548-49. We then examined the law of other jurisdictions and set out the following three exceptions to the rule requiring corporations to be represented by counsel: (1) an employee of a corporation may prepare legal documents; (2) a corporation may appear *pro se* in small claims court; and (3) a corporation may enter an appearance through a corporate officer to avoid default. *Id.* at 208, 573 S.E.2d at 549.

In *Allied Envtl. Servs., PLLC v. N.C. Dep't of Envtl. & Natural Res.*, 187 N.C. App. 227, 229, 653 S.E.2d 11, 13 (2007), *disc. review denied*, 362 N.C. 354, 661 S.E.2d 238 (2008), a case upon which the DMV heavily relies in the present appeal, we held that our decision in *Lexis-Nexis* was not applicable to most contested case proceedings before the Office of Administrative Hearings ("OAH"). *Allied* arose from a decision by the North Carolina Department of Environment and Natural Resources ("DENR") to revoke the eligibility of Deans Oil Company, Inc. to receive reimbursement from the North Carolina Commercial Leaking Underground Storage Tank Clean Up Fund.[2] *Id.* at 228, 653 S.E.2d at 12. Upon receiving notification that it would no longer receive reimbursements for clean-up costs and that it was required to repay prior disbursements from the fund, Brian Gray, the president of Allied Environmental Services, attempted to appeal DENR's decision by signing and submitting a petition for a contested case in the OAH. *Id.* at 229, 653 S.E.2d at 12.

DENR moved to dismiss the contested case petition, arguing that "Gray could not act as agent for Deans Oil Company in signing the petition because Deans Oil Company is a corporation and corporations can only be represented by an attorney." *Id.* The administrative law judge granted the motion to dismiss, and the superior court affirmed its decision. On appeal, this Court reversed, holding that a petition for

---

2. Deans Oil Company employed Allied Environmental Services, PLLC to clean up petroleum contamination and compensated Allied using the reimbursement funds.

## IN RE TWIN CNTY. MOTORSPORTS, INC.

[230 N.C. App. 259 (2013)]

a contested case in most proceedings before the OAH may be signed by a corporation's non-attorney representative. *Id.* at 230, 653 S.E.2d at 13.

*Allied* does not, however, stand for the broad proposition that a corporation is entitled to appear *pro se* in any administrative proceeding. Instead, we made clear in *Allied* that our holding was addressing only "appeals arising before the OAH." *Id.* at 229, 653 S.E.2d at 13. Our General Assembly has expressly exempted the Department of Transportation — the agency within which the DMV exists — from the provisions of the Administrative Procedure Act authorizing contested cases to be brought in the OAH against certain state agencies. N.C. Gen. Stat. § 150B-1(e)(8) (2011); *Dep't of Transp. v. Blue*, 147 N.C. App. 596, 605, 556 S.E.2d 609, 618 (2001), *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002).

Therefore, because hearings before the DMV are not within the class of administrative hearings encompassed by our decision in *Allied*, we are not bound by our result in that case. However, it is appropriate for us to examine the reasoning employed in *Allied* to determine whether it supports a similar result here. We conclude that it does not.

In *Allied*, we focused on the language used by our General Assembly in N.C. Gen. Stat. § 150B-23 — the statute governing the commencement and hearing procedures regarding contested cases in the OAH. We noted that the version of Section 150B-23 in effect at that time stated that a "petition [commencing a contested case before the OAH] shall be signed by a party or a *representative* of the party . . . ." *Allied*, 187 N.C. App. at 229; 653 S.E.2d at 12 (emphasis added). We explained that

> it is clear to us that the term "representative" as used in N.C. Gen. Stat. § 150B-23 is not coterminous with the term "attorney." Black's Law Dictionary defines "representative" as "[o]ne who stands for or acts on behalf of another . . . ." Black's Law Dictionary 1304 (7th ed. 1999). The legislature, in drafting N.C. Gen. Stat. § 150B-23, could have chosen the word "attorney," but instead chose "representative," a word whose plain meaning is broader than "attorney."

*Id.* at 230, 653 S.E.2d at 13.

Conversely, hearings before the DMV are authorized pursuant to N.C. Gen. Stat. § 20-183.8G. Unlike N.C. Gen. Stat. § 150B-23, N.C. Gen. Stat. § 20-183.8G lacks any language suggesting a legislative intent to allow corporations to be represented by a representative other than an attorney.

**IN RE TWIN CNTY. MOTORSPORTS, INC.**

[230 N.C. App. 259 (2013)]

*Allied* also relied on provisions of the North Carolina Administrative Code making clear that parties could be represented by non-attorneys in proceedings before the OAH. Indeed, we noted that 26 N.C.A.C. 3.0120(e) expressly stated that "[a] party need not be represented by an attorney." *Id.* Likewise, we observed that 26 N.C.A.C. 3.0114(b) explicitly referenced an "attorney at law or *other representative of a party* . . . ." *Id.* (emphasis in original). None of these code provisions, however, apply to DMV hearings.

Thus, because our decision in *Allied* was specifically premised on our interpretation of statutory and administrative code provisions that are inapplicable to DMV hearings, we believe that the reasoning underlying our ultimate conclusion in *Allied* is not relevant here. We therefore hold that in hearings before the DMV, corporations must be represented by legal counsel pursuant to the general rule articulated in *Lexis-Nexis*.

Accordingly, we conclude that the trial court was correct in determining that corporations must be represented by licensed attorneys-at-law in DMV hearings. As such, we affirm the trial court's order remanding for a new hearing in which Twin County shall be represented by legal counsel. Because we are affirming the trial court's order remanding for a new hearing, we decline to address the DMV's argument that there was substantial competent evidence supporting the final agency decision.

### Conclusion

For the reasons stated above, we affirm the trial court's order reversing the final agency decision and remanding for a new hearing.

AFFIRMED.

Judges CALABRIA and STROUD concur.