IN THE SUPREME COURT OF NORTH CAROLINA

No. 552PA13

Filed 19 December 2014

IN RE TWIN COUNTY MOTORSPORTS, INC.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 749 S.E.2d 474 (2013), affirming an order entered on 17 October 2012 by Judge Frank Brown in Superior Court, Nash County, and remanding the matter for a new hearing. Heard in the Supreme Court on 7 October 2014.

*Roy Cooper, Attorney General, by Christopher W. Brooks, Assistant Attorney General, for respondant-appellant Michael D. Robertson, Commissioner, North Carolina Division of Motor Vehicles.*

*Jessica C. Williams, PLLC, by Ralph E. Stevenson, III, for petitioner-appellee Twin County Motorsports, Inc.*

BEASLEY, Justice.

In this appeal we consider whether a corporation may appear or proceed at hearings before the Division of Motor Vehicles ("DMV") without being represented by an attorney. Because we have determined that a hearing before an administrative agency is not an "action or proceeding," we hold that a nonattorney may appear or proceed on behalf of a corporation before an administrative hearing officer without engaging in the unauthorized practice of law under N.C.G.S. § 84-4.

Twin County Motorsports, Inc. ("Twin County") is licensed by the DMV to perform vehicle emissions and equipment inspections. On 7 October 2010, the DMV charged Twin County with six violations of N.C.G.S. § 20-183.7B(a)(3) for allowing a person not licensed as a safety inspection mechanic to perform safety inspections. Lance Cherry, an officer and shareholder of Twin County, requested a hearing before the DMV. On 19 May 2011, Cherry appeared on behalf of Twin County at the DMV hearing. He informed the hearing officer that he did not wish to have an attorney present. In his testimony, he stated that the allegations levied by the DMV were "accurate," but that the violations were "unintentional." The hearing officer concluded that sufficient evidence was presented to sustain that Twin County violated N.C.G.S. § 20–183.7B(a)(3). The hearing officer levied a civil penalty of fifteen hundred dollars and suspended Twin County's inspection license for 1080 days.

Twin County retained legal counsel and sought review of the hearing officer's decision by the Commissioner of the DMV. The Commissioner upheld the hearing officer's order on 5 August 2011. Twin County appealed the Commissioner's decision to the Superior Court of Nash County. In its appeal to the trial court, Twin County asserted that Twin County, as a corporation, should not have been represented by Cherry, a nonattorney, at the DMV hearing. The trial court agreed, concluded that Cherry's *pro se* representation of Twin County as an agent of Twin County constituted the unauthorized practice of law in violation of N.C.G.S. §§ 84-4

and 84-5, and remanded the matter to the DMV hearing officer for a new hearing. The State appealed to the Court of Appeals.

The Court of Appeals affirmed the trial court. *In re Twin Cnty. Motorsports, Inc.*, ___ N.C. App. ___, 749 S.E.2d 474 (2013). The court reasoned that its earlier holding in *Lexis-Nexis, Division of Reed Elsevier, Inc. v. Travishan Corp.* that " 'a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed *pro se*' " controlled here. *Id.* at ___, 749 S.E.2d at 476 (quoting *Lexis-Nexis*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002)). The Court of Appeals explained that even though it had determined that a corporation may represent itself *pro se* in "contested case" proceedings under N.C.G.S. § 150B-23 before the Office of Administrative Hearings ("OAH"), *Allied Envtl. Servs., PLLC v. N.C. Dep't of Envtl. & Natural Res.*, 187 N.C. App. 227, 653 S.E.2d 11 (2007), *disc. rev. denied*, 362 N.C. 354, 661 S.E.2d 238 (2008), this exception to *Lexis-Nexis*'s general prohibition against *pro se* representation by corporations did not apply here because DMV proceedings are exempt from the "contested case" provisions of N.C.G.S. Chapter 150B and are thus not governed by section 150B-23. *Twin Cnty. Motorsports*, ___ N.C. App. at ___, 749 S.E.2d at 477. Because the reasoning employed by the Court of Appeals in announcing the *Allied* "exception" did not apply to administrative appeals *not* governed by N.C.G.S. § 150B-23, the court held that "in hearings before the DMV, corporations must be represented by legal counsel." *Id.* at ___, 749 S.E.2d at 477.

The State sought our discretionary review of the court's decision, which we allowed on 6 March 2014. ___ N.C. ___, 755 S.E.2d 627 (2014). In its appeal to this Court, the State asks that we conclude that N.C.G.S. § 84-4, governing the unauthorized practice of law, does not prohibit an owner of a business licensed by the DMV from appearing on behalf of his entity at a license hearing. The State asserts that "administrative license hearings before [the] DMV are not by law an 'action or proceeding' " under N.C.G.S. § 84-4 and that, under *State v. Pledger*, 257 N.C. 634, 127 S.E.2d 337 (1962), a nonlawyer agent is allowed to perform a legal act on behalf of a corporation without violating section 84-4 if the act is in "the primary interest of the corporation." *See Gardner v. N.C. State Bar*, 316 N.C. 285, 289-90, 341 S.E.2d 517, 520 (1986) ("When a corporation's employees perform legal services for the corporation in the course of their employment, their acts have been held to be the acts of the corporation so that in law, the corporation itself is performing the acts.").

In pertinent part, N.C.G.S. § 84-4 provides that

> it shall be unlawful for any person or association of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to appear as attorney or counselor at law in any action or proceeding before any judicial body, including the North Carolina Industrial Commission, or the Utilities Commission . . . .

N.C.G.S. § 84-4 (2013).  A prerequisite for the unauthorized practice of law under N.C.G.S. § 84-4, therefore, is indeed an appearance in an "action or proceeding" before a judicial body.

In *Ocean Hill Joint Venture v. North Carolina Department of Environment, Health & Natural Resources*, 333 N.C. 318, 426 S.E.2d 274 (1993), this Court addressed the definition of "action or proceeding."  We addressed whether a one-year statute of limitations, N.C.G.S. § 1-54(2), applied to an administrative agency's assessment of a civil penalty.  *Id.* at 320-21, 426 S.E.2d at 276.  The provision in question prescribed a one-year statute of limitations of one year for "an action or proceeding . . . [u]pon a statute . . . where the action is given to the State alone." N.C.G.S. § 1-54, -54(2) (1983).  We determined that "a prerequisite for application of N.C.G.S. § 1-54 is that there must be an 'action or proceeding.' "  *Ocean Hill*, 333 N.C. at 321, 426 S.E.2d at 276.  We turned to the question of what, then, constitutes an "action or proceeding":

> An "action" as defined in N.C.G.S. § 1-2 "is an ordinary proceeding <u>in a court of justice</u> . . . ."  Although "proceeding" itself is not defined in Chapter 1, the terms "ordinary proceeding" and "special proceeding" are both used. The definition of "action" encompasses "ordinary" proceedings while a "special proceeding" includes every other remedy <u>in a court of justice</u>.  From these definitions we conclude that, as the term is used in Chapter 1 of the General Statutes, a "proceeding," like an "action," must take place in a court of justice.

*Id.* (emphasis added by court) (citations omitted).  We then contemplated whether

an agency, when empowered by the General Assembly with judicial authority, may constitute such a "court of justice":

> We have recognized that "[a]rticle IV, section 3 of the Constitution contemplates that discretionary judicial authority may be granted to an agency when reasonably necessary to accomplish the agency's purposes." *In the Matter of Appeal from the Civil Penalty Assessed for Violations of the SPCA*, 324 N.C. 373, 379, 379 S.E.2d 30, 34 (1989). However, an agency so empowered is not a part of the "general court of justice." N.C. Const. art. IV, § 2. In fact, "[a]ppeals from administrative agencies shall be <u>to</u> the general court of justice." N.C. Const. art. IV, § 3 (emphasis added). Thus, the grant of limited judicial authority to an administrative agency does not transform the agency into a court for purposes of the statute of limitations.

*Id.* (brackets in original). We concluded that the agency's "issuance . . . of a notice of civil penalty" was "not the institution of an action or proceeding in a court [of justice]" and therefore, was not "within the meaning of N.C.G.S. § 1-54." *Id.*

Our holding in *Ocean Hill* governs the question before us today. As in *Ocean Hill*, a prerequisite for the statute at issue is that there be an "action or proceeding." N.C.G.S. § 84-4. We have determined that an "action or proceeding" requires a "court of justice," and that an administrative agency, though empowered with limited judicial authority, is not a "court of justice." *Ocean Hill*, 333 N.C. at 321, 426 S.E.2d at 276. We must therefore conclude that a nonattorney's appearance on behalf of a corporate entity before an administrative hearing officer does not constitute the unauthorized practice of law under N.C.G.S. § 84-4 because

the appearance is not an "appear[ance] as attorney or counselor at law in any *action or proceeding* before any judicial body." N.C.G.S. § 84-4 (emphasis added). Because an appearance by a nonattorney before an administrative hearing officer does not constitute the unauthorized practice of law under N.C.G.S. § 84-4, we need not address the State's arguments concerning *Pledger*.

We further note that our conclusion that a nonattorney may appear before an administrative hearing officer without violating N.C.G.S. § 84-4 is in line with recent legislative action. The North Carolina General Assembly has recently provided that, in contested cases before the Office of Administrative Hearings (OAH) and in appeals to the Property Tax Commission, "[a] business entity may represent itself using a nonattorney representative." Act of Aug. 15, 2014, ch. 120, secs. 7(a), 7(b), 2014 5 N.C. Adv. Legis. Serv. 26, 31-32 (LexisNexis) (amending N.C.G.S. §§ 150B-23(a) and 105-290). While not directly governing the matter *sub judice* because the legislation applies to contested cases before the OAH and appeals to the Property Tax Commission commencing on or after 18 September 2014, the passage of this legislation is consistent with our conclusion that a nonattorney's appearance before an administrative hearing officer does not constitute the unauthorized practice of law under N.C.G.S. § 84-4.

The trial court erred in reversing the DMV's final agency decision in this case. For the reasons stated above, we reverse the decision of the Court of Appeals

affirming the trial court's order and remanding this matter for a new hearing before

the DMV.


REVERSED.