DILLON, Judge, dissenting.
The majority concludes that N.C. Gen.Stat. § 1-267.1 (in which our General Assembly created "the three-judge panel" to consider facial constitutional challenges) abrogates our Court's appellate jurisdiction to consider the facial constitutional arguments raised in the present appeals. I believe, however, that we do have the appellate jurisdiction *407 to consider the facial challenge arguments raised by these appellants. Therefore, I respectfully dissent.
The North Carolina Constitution provides that "[t]he Court of Appeals shall have such appellate jurisdiction as the General Assembly *117 may prescribe." N.C. Const. Art. IV, § 12(2).
The General Assembly has empowered the Court of Appeals with "jurisdiction to review upon appeal decisions ... of administrative agencies, upon matters of law or legal inference, in accordance with the system of appeals provided in this Article [5]." N.C. Gen.Stat. § 7A-26 (2014) (emphasis added). Clearly, a facial challenge to a law is a matter of law or legal inference. See State v. Colson, 274 N.C. 295, 302-03, 163 S.E.2d 376, 381 (1968) (stating that "cases involving a substantial constitutional question are appealable in the first instance to the intermediate appellate court and then to the highest court as a matter of right") (emphasis added).
The General Assembly has provided in Article 5 that an "appeal of right lies directly to the Court of Appeals" "[f]rom any final order or decision of ... the North Carolina Industrial Commission[.]" N.C. Gen.Stat. § 7A-29(a) (2014) (emphasis added).
Additionally, the General Assembly provided in the Compensation Program legislation that an unsuccessful claimant may appeal the Industrial Commission's denial of a claim to the Court of Appeals. N.C. Gen.Stat. § 143B-426.53(f) (2014).
The General Assembly has placed a limitation in Article 5 on our Court's consideration of facial challenges. Specifically, Article 5 provides that a litigant no longer has an "appeal of right" to the Court of Appeals in the limited context where the trial division has held "that an act of the General Assembly is facially invalid [based on our State Constitution or federal law]," but rather a litigant's appeal in this limited context "lies of right directly to the Supreme Court[.]" N.C. Gen.Stat. § 7A-27(a1) (2014).[5]
*408 N.C. Gen.Stat. § 7A-27(a1), however, is not implicated in these appeals since there has not been any order holding that the Compensation Program is facially invalid. Indeed, the Industrial Commission is without authority even to consider the challenge. See Meads v. N.C. Dep't. of Agric., 349 N.C. 656, 670, 509 S.E.2d 165, 174 (1998) (stating the "well-settled rule that a statute's constitutionality shall be determined by the judiciary, not an administrative board"); Carolinas Med. Ctr. v. Employers & Carriers, 172 N.C.App. 549, 553, 616 S.E.2d 588, 591 (2005) (holding that Industrial Commission lacks power to consider constitutional issues).
Simply stated, these appeals are properly before us: They are from final determinations of the Industrial Commission involving claims made under the Compensation Program. N.C. Gen.Stat. § 143B-426.53(f) (2014). As such, we have the appellate jurisdiction to consider any "matters of law" raised by these claimants concerning the denial of their claims, including the matter concerning their facial challenge to the Compensation Program. N.C. Gen.Stat. §§ 1-267.1 and 7A-27(a1) do not provide any impediment since the appeal is not from a determination by the trial division that the Compensation Program is facially invalid.
It is true that "[o]rdinarily, appellate courts will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the trial court."[6] State v. Hudson, 281 N.C. 100, 105, 187 S.E.2d 756, 760 (1972). This Court, nonetheless, has been granted the *118 authority to consider the arguments raised by these claimants. For instance, the General Assembly has provided the Court of Appeals with the power "to issue ... writs ... in the aid of its jurisdiction, or to supervise and control the proceedings of ... the Industrial Commission." N.C. Gen.Stat. § 7A-32(c) (2014). Our Supreme Court has recently recognized our Court's broad authority to issue such writs. State v. Stubbs, 368 N.C. 40, 42-44, 770 S.E.2d 74, 75-76 (2015). Further, in promulgating Rule 2 of our Rules of Appellate Procedure, our Supreme Court has recognized "the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest[.]" Steingress v. Steingress, 350 N.C. 64, 66, 511 S.E.2d 298, 299 (1999) (emphasis added); see also *409 Dogwood Dev. and Mgmt. Co., LLC v. White Oak Transp. Co., Inc., 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) ( "Rule 2 permits the appellate courts to excuse a party's [failure to argue an issue at the trial level] in both civil and criminal appeals when necessary to ... 'expedite decision in the public interest' ") (emphasis added).[7]
In conclusion, the General Assembly has addressed a past injustice suffered by many at the hands of the State. I believe that we have the appellate jurisdiction to consider the facial challenge to the Compensation Program. And to the extent that these claimants, or any of them, have lost their right of review of their constitutional arguments, I believe we should, nonetheless, exercise our authority to consider them. Otherwise, they could be deemed waived on remand.
_________________________
Though not essential my conclusion above, I note that it could be argued that the N.C. Gen.Stat. §§ 1-267.1 and 1A-1, Rule 42(b)(4) do not apply to Compensation Program claims at all. Specifically, it could be argued that N.C. Gen.Stat. § 1-267.1 only applies to actions and proceedings in the general court of justice. See, e.g., N.C. Gen.Stat. § 1-1 (2014) ("Remedies in the courts of justice are divided into ... (1) Actions[ ] [and] (2) Special proceedings."). Our Supreme Court has so held in the context of the statute of limitations provisions in Chapter 1. See In re Twin County Motorsports, 367 N.C. 613, 616, 766 S.E.2d 832, 834-35 (2014) (holding that even though an administrative agency may be clothed with some measure of judicial authority, said agency is not *410 part a "court of justice" and, therefore, the statute of limitations provisions in Chapter 1 of our General Statutes do not apply). See also Ocean Hill Joint Venture v. N.C. Dep't of Env't, Health and Natural Res., 333 N.C. 318, 321, 426 S.E.2d 274, 276 (1993) (reversing a Court of Appeals determination that a matter before DEHNR was an action or proceeding within N.C. Gen.Stat. § 1-54 ). Also, the provisions of Subsection 8 ("Judgment") of Chapter 1-of which N.C. Gen.Stat. § 1-267.1 is a part-only reference the general court of justice, and not administrative agencies. See, e.g., N.C. Gen.Stat. § 1-208.1 (2014) (providing for the docketing of judgments rendered in the trial division, whereas N.C. Gen.Stat. § 97-87 provides for the docketing of awards of the Industrial Commission); id. § 1-277 *119 (providing for appeals from the " superior or district court," whereas appeals from the Industrial Commission are provided for in other statutes).
Additionally, it could be argued that the procedure in Rule 42(b)(4) (containing the procedure for transfers to the three-judge panel) does not apply in the present appeals. Specifically, the Rules of Civil Procedure expressly provide that the only Industrial Commission matters which they govern are those tort claims brought under the Tort Claims Act. N.C. Gen.Stat. § 1A-1, Rule 1 (2014) ("These rules shall govern the procedure in the superior and district courts ... [in civil] actions and proceedings [and] ... the procedure in tort actions brought before the Industrial Commission"). See Hogan v. Cone Mills, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985) (holding that the Rules do not apply directly to claims brought under the Worker's Compensation Act).[8] Compensation Program claims are not tort claims against the State.
But assuming N.C. Gen.Stat. § 1-267.1 does apply, generally, to Compensation Program proceedings, its procedure requiring transfer to a three-judge panel was never implicated in the Hughes appeal before this Court, as the claimant in that matter never made any facial challenge argument below. See N.C. Gen.Stat. § 1A-1, Rule 42(b)(4) (2014) (providing a procedure for trial courts to transfer facial challenges to a three-judge panel only if a challenge is actually made). Regarding the other two appeals before us, I note that those claimants did attempt to make the facial challenge below. However, the provision in N.C. Gen.Stat. § 1-267.1 allowing an appeal of right to the Supreme Court was *411 never implicated since the Compensation Program was not held to be facially invalid.
In sum, N.C. Gen.Stat. § 1-267.1 and Rule 42 do not require that a three-judge panel decide every facial challenge raised in the trial division. For example, Rule 42 states that a three-judge panel need not decide a facial challenge when the decision is not necessary to the resolution of the case. However, the failure of having a three-judge panel decide the facial challenge issue does not abrogate our Court's appellate jurisdiction to consider the issue in an appeal that is otherwise properly before us. By way of example, suppose a defendant raises two defenses at the trial level, one of which is a facial challenge; and suppose, further, that a trial judge grants the defendant summary judgment based on the other defense. Our Appellate Rules allow the defendant to raise his facial challenge argument as an alternate basis in the law for his victory below, see N.C. R.App. P. 10(c) (allowing an appellee to propose issues on appeal as to an alternate basis in the law). In such a case, I do not believe that N.C. Gen.Stat. § 1-267.1 provides that a three-judge panel of our Court considering the appeal be required to remand the facial challenge issue to a three-judge panel of superior court judges before addressing the other issues. Rather, I believe that by enacting N.C. Gen.Stat. § 1-267.1 the General Assembly was simply providing a procedure whereby a facial challenge would never be left up to a single judge, but always to a panel of jurists.

The General Assembly has not expressly provided in N.C. Gen.Stat. § 7A-27(a1) that the Supreme Court has exclusive appellate jurisdiction to consider the appeal from an order in the trial division declaring a law to be facially invalid, only that the appeal of right lies with the Supreme Court and not with this Court. It may be argued that, in this context, our Court could exercise appellate jurisdiction through the power to grant certiorari conferred on us in Article 5 (assuming the parties seek review here and choose not to exercise their appeal of right to the Supreme Court). However, this argument need not be addressed here since there has been no determination in the trial division that the Compensation Program is facially invalid.

The matter involves three appeals making a facial challenge to the Compensation Program. In two of the appeals (In the Matter of Redmon and In the Matter of Smith ), the parties expressly raised the facial challenge before the Industrial Commission, though recognizing that the Commission lacked authority to act on it. Nonetheless, these claimants sought to preserve the issue for appeal. In the third appeal (In re Hughes ), the claimant did not make a facial challenge at the Commission level.

The majority suggests that the context here is analogous to the context where a party has not exhausted its administrative remedies, in which case, courts lack subject-matter jurisdiction. The majority quotes Justice for Animals, Inc. v. Robeson Cty., 164 N.C.App. 366, 369, 595 S.E.2d 773, 775 (2004), for the proposition that "where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts." I do not believe, however, that the situations are analogous.
In Justice for Animals, our Court was quoting the Supreme Court in Presnell v. Pell, 298 N.C. 715, 260 S.E.2d 611 (1979). In Presnell, the Supreme Court explained that exhaustion of administrative remedies was an essential prerequisite to a court's jurisdiction where the relevant administrative agency was "particularly qualified for the purpose [of reviewing the issue]," and "the legislature [by providing an administrative remedy] has expressed an intention to give the administrative entity most concerned with a particular matter the first chance to discover and rectify error." Id. at 721, 260 S.E.2d at 615. Here, though, the three-judge panel is no more "particularly qualified" than a panel of Court of Appeals judges to consider a facial challenge. I believe that the present situation is more analogous to any other situation where the trial division fails to rule on a legal issue (in which the appellate division has de novo review). In such a case, our Court is not required to remand the issue to the trial division, but may consider the issue on appeal, though generally we would deem the issue waived and refuse to consider it.

Though Hogan was subsequently reversed on other grounds by the Supreme Court, see 326 N.C. 476, 390 S.E.2d 136 (1990), its holding that the Rules of Civil Procedure do not apply to Worker's Compensation proceedings was not reversed, see Moore v. City of Raleigh, 135 N.C.App. 332, 336, 520 S.E.2d 133, 137 (1999).